# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **DEREK ROTONDO, on behalf of himself and all others similarly situated,**<br><br>                         **Plaintiff,**<br><br>   v.<br><br>**JPMORGAN CHASE Bank, N.A.,**<br><br>                         **Defendant.** | **Case No. 19-cv-2328**<br>**District Judge George C. Smith**<br>**Magistrate Judge Vascura** |

## ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF PLAINTIFF'S COUNSEL AS CLASS COUNSEL, AND APPROVAL OF THE PROPOSED NOTICE OF SETTLEMENT AND CLASS ACTION SETTLEMENT PROCEDURE

The matter came before the Court on Plaintiff's Motion for Preliminary Approval of Class Action Settlement, Conditional Certification of the Settlement Class, Appointment of Plaintiff's Counsel as Class Counsel, and Approval of the Proposed Notice of Settlement and Class Action Settlement Procedure ("Preliminary Approval Motion"). Defendant does not oppose this Motion.

      1.      Based upon the Court's review of Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement, Conditional Certification of the Settlement Class, Appointment of Plaintiff's Counsel as Class Counsel, and Approval of the Proposed Notice of Settlement and Class Action Settlement Procedure, and all other papers submitted in connection with Plaintiff's Preliminary Approval Motion, the Court grants preliminary approval of the $5,000,000.00 settlement memorialized in the Settlement

Agreement and Release ("Settlement Agreement").  Capitalized terms used in this Order shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

## I.      CERTIFICATION OF THE SETTTLEMENT CLASS

2. For settlement purposes only, the Court conditionally certifies the Settlement Class defined in the Settlement Agreement pursuant to Federal Rule of Civil Procedure 23(e) ("Settlement Class").

3. The Settlement Class meets all of the requirements for class certification under Federal Rules of Civil Procedure 23(a) and (b)(3) for purposes of settlement only.

4. The Settlement Class Period for Settlement Class Members who worked in any state outside of those included in separately-defined State Settlement Class Periods is from August 19, 2016 (300 days before the charge was filed) through December 4, 2017 (when Chase revised the 2016 policy).  The Settlement Class Member's non-primary caregiver leave or request for non-primary or primary caregiver leave must have occurred during the Settlement Class Period or within sixteen (16) weeks before the Settlement Class Period (as the person still would have been eligible for paid parental leave benefits during the Settlement Class Period).

5. If a Settlement Class Member worked in a state included in the State Settlement Class Periods, the Settlement Class Member's non-primary caregiver leave or request for non-primary or primary caregiver leave must have occurred during the applicable State Settlement Class Period or within twelve (12) weeks before the State Settlement Class Period (as the person still would have been eligible for paid parental leave benefits during the State Settlement Class Period), except that for Arkansas, Louisiana, Minnesota, North Carolina, Oregon, South Dakota, Tennessee and District of Columbia the Settlement Class Member's non-primary caregiver leave

or request for non-primary or primary caregiver leave must have occurred during the applicable State Settlement Class Period or within sixteen (16) weeks before the State Settlement Class Period.  The following State Settlement Class Periods apply for the following states:

    a. <u>Alaska, Maine, New Jersey, and West Virginia</u>: June 15, 2015 through December 4, 2017

    b. <u>Michigan, New York, Washington, and Vermont</u>: June 15, 2014 through December 4, 2017

    c. <u>California</u>: June 15, 2013 through December 4, 2017

    d. <u>Kentucky</u>: June 15, 2012 through December 4, 2017

    e. <u>Ohio</u>: June 15, 2011 through December 4, 2017

    f. <u>Arkansas, Louisiana, Minnesota, North Carolina, Oregon, South Dakota, Tennessee, and District of Columbia</u>: June 15, 2016 through December 4, 2017

## II.    APPOINTMENT OF CLASS REPRESENTATIVE AND CLASS COUNSEL

6.    The Court finds that Named Plaintiff Derek Rotondo has claims typical of the Settlement Class Members and is an adequate representative of the Settlement Class Members.  The Court appoints him to serve as the class representative of the Settlement Class Members.

7.    Outten & Golden LLP and the American Civil Liberties Union Women's Rights Project ("ACLU"), have, separately and collectively, extensive experience and expertise in prosecuting employment discrimination class action cases.  The Court appoints these firms as Class Counsel for the Settlement Classes under Rule 23(g).

## III.    PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

8.    Based upon the Court's review of the Preliminary Approval Motion, the Court grants preliminary approval of the settlement and all terms set forth in the Settlement Agreement

and finds that the settlement is, in all respects, fair, adequate, reasonable, and binding on all members of the Settlement Class who have not timely and properly opted out pursuant to Section 2.7 of the Settlement Agreement.

9. The Court concludes that the proposed Settlement Agreement is "within the range of possible [settlement] approval," such that notice to the Settlement Class Members is appropriate. *In re Inter-Op Hip Prosthesis Liability Litig.*, 204 F.R.D. 330, 350 (N.D. Ohio 2001) ("*In re Inter-Op Litig.*") (quoting Manual for Complex Litigation (Third) § 30.41 (1995)).

10. Having conducted an initial evaluation of the fairness of the proposed settlement on the basis of the Preliminary Approval Motion, the supporting declarations, and its attached documents, the Court finds that because the settlement is "fair, reasonable, and adequate," and is not a "product of fraud or collusion," preliminary approval should be granted. *Clark Equip. Co. v. Int'l Union, Allied Indus. Workers of Am., AFL-CIO*, 803 F.2d 878, 880 (6th Cir. 1986). Accordingly, the Court finds it appropriate to "direct that notice under Rule 23(e) be given to the class members of a formal fairness hearing." *In re Inter-Op Litig.*, 204 F.R.D. at 350.

11. The Court finds that the Settlement Agreement is the result of extensive, arm's length negotiations by counsel well-versed in the prosecution of complex employment class actions.

12. The assistance of an experienced mediator reinforces that the Settlement Agreement is non-collusive. *See Bert v. AK Steel Corp.*, No. 02 Civ. 467, 2008 WL 4693747, at *2 (S.D. Ohio Oct. 23, 2008) ("[P]articipation of an independent mediator in settlement negotiations virtually insures that the negotiations were conducted at arm's length and without collusion . . . .").

## IV. APPROVAL OF THE FORM AND MANNER OF DISTRIBUTING CLASS NOTICE AND CLAIM FORM

13. The Court finds that the proposed Notice is the best notice practical under the circumstances and allows Settlement Class Members a full and fair opportunity to consider the proposed settlement.  The proposed plan for distributing the Notice and Claim Form likewise is a reasonable method calculated to reach all members of the Settlement Class who would be bound by the settlement.  There is no additional method of distribution that would be reasonably likely to notify Settlement Class Members who may not receive notice pursuant to the proposed distribution plan.

14. The Notice fairly, plainly, accurately, and reasonably informs Settlement Class Members of:  (1) appropriate information about the nature of this litigation, the Settlement Class, the identity of Class Counsel, and the essential terms of the Settlement Agreement, including class member relief; (2) appropriate information about Class Counsel's forthcoming application for attorneys' fees, the proposed Service Awards to the Named Plaintiff and other payments that will be deducted from the Gross Settlement Amount; (3) appropriate information about how to participate in the Settlement; (4) appropriate information about this Court's procedures for final approval of the Settlement Agreement, and about Settlement Class Members' right to appear through counsel if they desire; (5) appropriate information about how to challenge or opt-out of the settlement, if they wish to do so; and (6) appropriate instructions as to how to obtain additional information regarding this litigation or the Settlement Agreement.  The Notice will also provide specific information regarding the date, time, and place of the final approval hearing.  This information is adequate to put Class Members on notice of the proposed settlement and is well within the requirements of Rule 23(c)(2)(B).

5

15. The Court finds and concludes that the proposed plan for distributing the Notice and Claim Form will provide the best notice practicable, satisfies the notice requirements of Rule 23(e), and satisfies all other legal and due process requirements.

16. Accordingly, the Court hereby ORDERS as follows:

   a. The form of the Notice and Claim Form is approved. Non-material changes may be made as the Parties deem appropriate.

   b. The manner for distributing the Notice and Claim Form is approved.

   c. Within ten (10) days following entry of this Order, Defendant will provide to the Settlement Administrator, in electronic form, for all Settlement Class Members, the following information: name, work state, Social Security Number, last known addresses, last known telephone number, and the number of times the Settlement Class Member took non-primary caregiver leave during the applicable Federal Settlement Class Period or State Settlement Class Period, as that information exists on file with Defendant. The Class List will be held in the strictest confidence by all Parties and their counsel to the extent the Parties and their counsel are entitled to the Class List under the Settlement Agreement, and by the Settlement Administrator.

   d. By no later than twenty (20) days following the entry of this Order, Defendant shall deposit the Gross Settlement Amount into the Qualified Settlement Fund.

   e. Within fifteen (15) days following the entry of this Order, the Settlement Administrator will mail to all Settlement Class Members, via First Class United States Mail, postage prepaid, the Court-approved Notice and Claim Form.

   f. The Settlement Administrator will also maintain a static website with PDF versions of the Notice and Claim Form that Settlement Class Members may access, and establish and maintain a toll-free number to answer questions from Settlement Class Members. The website shall remain posted until the expiration of the Acceptance Period.

   g. For any Settlement Class Members for whom a Notice is returned by the post office as undeliverable, the Settlement Administrator shall attempt to secure a correct address using "skip tracing" and/or similar method, and a subsequent notice will be sent to the Settlement Class Member at the new address. The Settlement Administrator will notify Class Counsel and Defendant's Counsel of any Notice sent to a Settlement Class Member

       that is returned as undeliverable after the first mailing, as well as any such Notice returned as undeliverable after any subsequent mailing(s).  In addition, for any Settlement Class Members for whom a Notice is returned by the post office as undeliverable, the Settlement Administrator will request and Defendant shall provide to the Settlement Administrator within seven (7) days the personal e-mail address(es) for such individuals (if such e-mail address(es) are reasonably available to Defendant), and the Settlement Administrator will then e-mail such Settlement Class Members the Notice.

    h.    Thirty (30) days after the initial mailing of the Notice and Claim Form to Settlement Class Members, the Settlement Administrator will send, to the extent the information is available, by First Class United States Mail to Settlement Class Members who have not returned a valid Claim Form, a reminder postcard.

    i.    The Settlement Administrator shall take all other actions in furtherance of claims administration as are specified in the Settlement Agreement.

## V.    PROCEDURES FOR FINAL APPROVAL OF THE SETTLEMENT

### A.    Final Approval Hearing

17.    The Court hereby schedules a hearing to determine whether to grant final certification of the Settlement Class, and final approval of the Settlement Agreement (including the proposed plan of class member relief, payment of attorneys' fees and costs, and Service Award to the Named Plaintiff) (the "Fairness Hearing") for **October 30, 2019 at 2:00 p.m.**

### B.    Deadline to Request Exclusion from the Settlement

18.    Settlement Class Members may exclude themselves, or opt-out, of the Settlement. Any Opt-out Statement must be in the form of a written, signed statement that states, "I opt out of the JPMorgan Chase parental leave settlement."  To be effective, an Opt-out Statement must be postmarked within sixty (60) days from the initial mailing of the Notice to the Settlement Class Member.

19. Within twenty-four (24) hours of the end of the Opt-out Period, the Settlement Administrator will send a final list of all Opt-out Statements to Class Counsel and Defendant's Counsel by both email and overnight delivery.

20. Any Settlement Class Member who does not properly submit an Opt-out Statement pursuant to this Agreement will be deemed to have accepted the Settlement and the terms of the Settlement Agreement, including the Release contained therein.

  C. **Deadline for Filing Objections to the Settlement**

21. Any Settlement Class Member who wishes to object to the proposed Settlement must do so in writing. To be considered, a written objection must be mailed to the Settlement Administrator via First-Class United States Mail, postage prepaid, and be received by the Settlement Administrator by a date certain sixty (60) days from the mailing of the Notice to the Settlement Class Member. The written objection must include the words, "I object to the settlement in the JPMorgan Chase parental leave case" as well as all reasons for the objection. Any reasons not included in the written objection will not be considered by the Court. The written objection must also include the name, job title, address, and telephone numbers for the Settlement Class Member making the objection. The Settlement Administrator will stamp the date received on the original and send copies of each objection to Class Counsel and Defendant's Counsel by email and overnight delivery no later than three days after receipt thereof.

22. Any Settlement Class Member who is an Objector has the right to appear at the Fairness Hearing either in person or through counsel hired by the Objector. An Objector who wishes to appear at the Fairness Hearing must state his intention to do so in writing at the time he submits his written objection by including the words, "I intend to appear at the Fairness Hearing" in his written objection. An Objector may withdraw his objection(s) at any time. No Settlement

8

Class Member may appear at the Fairness Hearing unless he has filed a timely objection that complies with all procedures provided in the Settlement Agreement.  No Settlement Class Member may present an objection at the Fairness Hearing based on a reason not stated in his written objection(s).  A Settlement Class Member who has submitted an Opt-out Statement may not submit objections to the Settlement.

      **D.**     **Deadline for Submitting Claims Forms**

23.     In order to receive a Settlement Award, Settlement Class Members must submit a valid Claim Form by the Claim Form Deadline.

24.     To submit a valid Claim Form, Settlement Class Members must affirm that they meet the requirements set forth in Part A of the Claim Form and one of the requirements contained in Part B of the Claim Form, and that these representations are made in accordance with Part C of the Claim Form.  Under the Claim Form, each Settlement Class Member may submit a separate claim for each time the person took non-primary leave for the birth of a child during the relevant Settlement Class Period for that Settlement Class Member.

      **F.**     **Deadline for Submitting Motion Seeking Final Approval**

25.     No later than fifteen (15) days before the Fairness Hearing, Plaintiff will submit a Motion for Judgment and Final Approval of the Settlement.  In conjunction with the Motion for Judgment and Final Approval of the Settlement, Plaintiff shall also petition for approval of Class Counsel's attorneys' fees and costs and the requested Service Award to the Named Plaintiff, consistent with terms of the Settlement Agreement.

26.     The Parties shall abide by all terms of the Settlement Agreement.

**It is so ORDERED this   20TH   day of    June     , 2019.**


           *s/ George C. Smith*
           **GEORGE C. SMITH, JUDGE**
           **UNITED STATES DISTRICT COURT**