# Exhibit 3

## JOINT STIPULATION OF SETTLEMENT AGREEMENT AND RELEASE

This Joint Stipulation of Settlement Agreement and Release (the "Agreement") is entered into by and between Derek Rotondo (the "Named Plaintiff"), on behalf of himself and the class of individuals he seeks to represent ("Settlement Class Members") (collectively with the Named Plaintiff, "Plaintiffs") on the one hand, and JPMorgan Chase Bank, N.A. ("Defendant") on the other (together with Plaintiffs, the "Parties").

## RECITALS

WHEREAS, on June 15, 2017, the Named Plaintiff filed a class charge of discrimination (the "Charge") with the United States Equal Employment Commission ("EEOC") alleging Defendant discriminated against fathers on the basis of their sex in the provision of paid parental leave, in violation of Title VII of the federal Civil Rights Act and Ohio State law;

WHEREAS, Defendant denies the allegations raised by the Named Plaintiff in the EEOC Charge and denies that it has committed any wrongdoing or violated any federal, state or local laws pertaining to its parental leave policy, and further denies that it is liable with respect to the alleged facts or causes of action asserted in the Litigation;

WHEREAS, on April 16, 2018 and May 14, 2018, the Parties participated in a mediation in Atlanta, Georgia, which was conducted by experienced mediator Hunter Hughes, Esq., and reached a settlement of the claims of the Named Plaintiff and the Settlement Class Members;

WHEREAS, Class Counsel represents that they analyzed and evaluated the merits of the claims made against Defendant, conducted interviews with putative class members, obtained and reviewed documents relating to Defendant's parental leave policy, and analyzed personnel and salary data, and based upon their analysis and evaluation of a number of factors, and recognizing the substantial risks of litigation, including the possibility that, if not settled now, the matter would proceed to litigation which might not result in any recovery or might result in a recovery less favorable, and that any recovery would not occur for several years, Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in the best interests of the Plaintiffs; and

WHEREAS, without admitting or conceding any liability or damages whatsoever, Defendant agreed to settle the Litigation on the terms and conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty of litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties agree to a full and complete settlement of this matter on the following terms and conditions.

## 1. DEFINITIONS

The defined terms set forth in this Agreement have the meanings ascribed to them below.

**1.1.** **Acceptance Period.** "Acceptance Period" means the one hundred and eighty (180) days that a Settlement Class Member has to sign and negotiate a Settlement Check.

**1.2.** **Agreement.** "Agreement" means this Joint Stipulation of Settlement Agreement and Release.

**1.3.**     **Attorneys' Fees.** "Attorneys' Fees" means the attorneys' fees payable to Class Counsel in connection with the Litigation, including those incurred prior to filing the Litigation, which the Court approves.

**1.4.**     **Charity.** "Charity" means the charitable organization or organizations that may receive unclaimed settlement funds as described herein. The Parties shall identify an organization or organizations to serve as the Charity if there are unclaimed settlement funds.

**1.5.**     **Claim Form.** "Claim Form" means the Claim Form, as approved by the Court in substantially the form of the document attached hereto as Exhibit A, which a Settlement Class Member must submit in order to receive a Settlement Check.

**1.6.**     **Claim Form Deadline.** "Claim Form Deadline" means the date that is sixty (60) days after the date the Settlement Administrator initially mails the Notice and Claim Form to Settlement Class Members, except that in the event that the Settlement Administrator re-mails the Notice to any Settlement Class Member pursuant to Section 2.5(E) of this Agreement because the first mailing was returned as undeliverable or because a Settlement Class Member has requested a reissued Notice, the Claim Form Deadline shall be the later of sixty (60) days from the initial mailing or forty five (45) days from the date of re-mailing. In no event, however, shall the deadline to return a Claim Form extend beyond seventy-five (75) days from the date of the initial mailing of the Notice and Claim Form.

**1.7.**     **Class Counsel; Plaintiffs' Counsel.** "Class Counsel" or "Plaintiffs' Counsel" means Outten & Golden LLP and the American Civil Liberties Union Women's Rights Project.

**1.8.**     **Class List.** "Class List" means the list of Settlement Class Member(s), and shall be comprised of the information as to each Settlement Class Member set forth in Section 2.5(A) of this Agreement.

**1.9.**     **Complaint.** "Complaint" has the meaning set forth in Section 2.4(A) of this Agreement.

**1.10.**     **Court.** "Court" means the United States District Court for the Southern District of Ohio or, in the event of a transfer, the transferee court.

**1.11.**     **Cure Claim Bar Date.** "Cure Claim Bar Date" has the meaning set forth in Section 2.6(C) of this Agreement.

**1.12.**     **Cure Letter.** "Cure Letter" has the meaning set forth in Section 2.6(C) of this Agreement.

**1.13.**     **Days.** "Days" means business days if the specified number is less than ten, and calendar days if the specified number is ten or greater.

**1.14.**     **Defendant.** "Defendant" means JPMorgan Chase Bank, N.A.

**1.15.**     **Defendant's Counsel.** "Defendant's Counsel" means Jenner & Block LLP.

**1.16.**     **Fairness Hearing.** "Fairness Hearing" means the hearing before the Court relating to the Motion for Judgment and Final Approval of the Settlement ("Final Approval Motion").

**1.17.** **Final Approval Order.** "Final Approval Order" means the order entered by the Court after the Fairness Hearing, approving the terms and conditions of this Agreement, distribution of the Settlement Checks and Service Payment, and dismissal of the Litigation with prejudice. A proposed version of the Final Approval Order shall be submitted to the Court in the form attached hereto as Exhibit B.

**1.18.** **Gross Settlement Amount.** "Gross Settlement Amount" means the Five Million Dollars ($5,000,000.00) that Defendant has agreed to pay to settle the Litigation as set forth in this Agreement. The Gross Settlement Amount shall be inclusive of payroll taxes except as described in Subsection 3.1(A).

**1.19.** **Litigation.** "Litigation," means the lawsuit captioned *Rotondo v. JPMorgan Chase & Co.*, to be filed in the Court.

**1.20.** **Litigation Expenses.** "Litigation Expenses" means the reasonable costs and expenses incurred by Class Counsel in connection with the Litigation, including those incurred prior to filing the Litigation, which are approved by the Court.

**1.21.** **Named Plaintiff.** "Named Plaintiff" means Derek Rotondo.

**1.22.** **Net Settlement Amount.** "Net Settlement Amount" means the remainder of the Gross Settlement Amount after deductions for: (1) Court-approved Attorneys' Fees and Litigation Expenses; (2) the Court-approved Service Payment to the Named Plaintiff, as described in Section 3.3 below; and (3) any costs for notice and administration of the Settlement in excess of Fifty Thousand Dollars ($50,000).

**1.23.** **Notice or Notices.** "Notice" or "Notices" means the Court-approved Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing. The Notice shall inform Settlement Class Members of the estimated benefits available under the Settlement.

**1.24.** **Objector.** "Objector" means an individual who files a valid and timely objection pursuant Section 2.8 of this Agreement, and does not include any individual who opts out of the Settlement pursuant to this Agreement.

**1.25.** **Opt-out Period.** "Opt-out Period" means the date that is sixty (60) days from the mailing of the Notice to the Settlement Class Member.

**1.26.** **Opt-out Statement.** "Opt-out Statement" is a written signed statement submitted pursuant to Section 2.7 of this Agreement by an individual Settlement Class Member who has elected to opt out of, and therefore not participate in, the Settlement.

**1.27.** **Parties.** "Parties," as set forth in the Introduction, shall mean, collectively, Named Plaintiff and Defendant.

**1.28.** **Plaintiffs.** "Plaintiffs" shall mean the Named Plaintiff and Settlement Class Members.

**1.29.** **Preliminary Approval Motion.** "Preliminary Approval Motion" has the meaning set forth in Section 2.4(A) of this Agreement.

**1.30.**   **Preliminary Approval Order.** "Preliminary Approval Order" means the order entered by the Court preliminarily approving the terms and conditions of this Agreement and directing the manner and timing of providing the Notices and Claim Forms to the Settlement Class Members. A proposed version of the Preliminary Approval Order shall be submitted to the Court in the form attached hereto as Exhibit C.

**1.31.**   **Qualified Settlement Fund or QSF.** "Qualified Settlement Fund" or "QSF" means the account established and maintained in accordance with Treasury Regulation § 1.468B-1 et seq. by the Settlement Administrator for the Gross Settlement Amount paid by Defendant. The QSF will be controlled by the Settlement Administrator subject to the terms of this Agreement and the Court's Preliminary Approval Order and Final Approval Order. Interest, if any, earned on the QSF will become part of the Gross Settlement Amount.

**1.32.**   **Release.** "Release" has the meaning set forth in Section 4.1(A) of this Agreement.

**1.33.**   **Service Payment.** "Service Payment" has the meaning set forth in Section 3.3 of this Agreement.

**1.34.**   **Settlement.** The "Settlement" means the settlement contemplated by and described in this Agreement.

**1.35.**   **Settlement Administrator.** The "Settlement Administrator" will be RG2 Claims Administration, LLC, which was selected by Class Counsel.

**1.36.**   **Settlement Award.** The "Settlement Award" is the portion of the Net Settlement Amount to be received by each Settlement Class Member who submits a valid and timely Claim Form, based on the allocation formula as described in Section 3.4 herein.

**1.37.**   **Settlement Checks.** "Settlement Checks" means checks issued to each Settlement Class Member who submits a valid and timely Claim Form(s) for the amount of their individual Settlement Award.

**1.38.**   **Settlement Class Members.** "Settlement Class Members" means all male employees of Defendant nationwide who took the maximum amount of non-primary caregiver leave available under Defendant's policy in effect at the time of the birth of one or more child (either 1 week or 2 weeks depending on the time period) during the Settlement Class Period, or if applicable, the State Settlement Class Periods, and would have otherwise qualified for paid primary caregiver leave, but did not take primary caregiver leave. Whether an individual is entitled to compensation pursuant to the Settlement, including whether the individual intended to serve as the primary parental caregiver of their child and was denied or deterred by Defendant from seeking primary caregiver leave shall be determined by the Settlement Administrator pursuant to the process described in Section 2.6.

**1.39.**   **Settlement Class Period.** "Settlement Class Period" shall apply to all Settlement Class Members who worked in any state outside of those included in the State Settlement Class Periods defined in Section 1.41 below, and shall be from August 19, 2016 (three hundred (300) days prior to filing of the June 15, 2017 Charge) through December 4, 2017. The Settlement Class Member's non-primary caregiver leave or request for non-primary or primary caregiver leave must have occurred during the Settlement Class Period or within

4

sixteen (16) weeks before the Settlement Class Period (as the person still would have been eligible for paid parental leave benefits during the Settlement Class Period). In the event a Settlement Class Member worked in one of the states included in Section 1.41, the longer State Settlement Class Period shall apply, and the Settlement Class's Members' request for leave must have occurred during the State Settlement Class Period or either sixteen (16) weeks or twelve (12) weeks prior to the period, depending on the state as described *infra* Section 1.41.

**1.40.** **Settlement Effective Date.** "Settlement Effective Date" shall be the date after the day upon which the Settlement has been finally approved by the Court and: (a) any appeals of the Final Approval Order have been resolved with no further rights to appeal; or (b) the time for any appeals from these orders have expired with no appeals having been taken. In the case of no appeal, the Settlement Effective Date will be thirty-one (31) days after the Final Approval Order.

**1.41.** **State Settlement Class Periods.** For Settlement Class Members who worked for Defendant in the following states, "State Settlement Class Periods" shall be the following periods. The Settlement Class Member's non-primary caregiver leave or request for non-primary or primary caregiver leave must have occurred during the applicable State Settlement Class Period or within twelve (12) weeks before the State Settlement Class Period (as the person still would have been eligible for paid parental leave benefits during the State Settlement Class Period), except that for Arkansas, Louisiana, Minnesota, North Carolina, Oregon, South Dakota, Tennessee and District of Columbia the Settlement Class Member's non-primary caregiver leave or request for non-primary or primary caregiver leave must have occurred during the applicable State Settlement Class Period or within sixteen (16) weeks before the State Settlement Class Period.

- Alaska, Maine, New Jersey, and West Virginia: June 15, 2015 through December 4, 2017

- Michigan, New York, Washington, and Vermont: June 15, 2014 through December 4, 2017

- California: June 15, 2013 through December 4, 2017

- Kentucky: June 15, 2012 through December 4, 2017

- Ohio: June 15, 2011 through December 4, 2017

- Arkansas, Louisiana, Minnesota, North Carolina, Oregon, South Dakota, Tennessee, and District of Columbia: June 15, 2016 through December 4, 2017

**1.42.** **Supplemental Release.** "Supplemental Release" has the meaning set forth in Section 4.1(B) of the Agreement.

**2.** **APPROVAL AND CLASS NOTICE**

**2.1.** **Binding Agreement.** This Agreement is a binding agreement and contains all material agreed-upon terms for the Parties to seek a full and final settlement of the Litigation.

**2.2.** **Retention of the Settlement Administrator.** The Settlement Administrator will be responsible for all aspects of the claims administration process, including: locating Settlement Class Members; reviewing and validating Claim Forms; calculating Settlement Class Members' Settlement Awards; calculating income, payroll, and any other taxes to be withheld from Settlement Class Members' Settlement Awards, the Service Payment, or from other payments made by the Settlement Administrator; responding to Settlement Class Member inquiries; resolving disputes relating to Settlement Class Members' Settlement Awards; promptly reporting to the Parties the substance and status of any challenges or disputes raised by Settlement Class Members; mailing Notices to Settlement Class Members in accordance with the Court's Preliminary Approval Order; distributing a Service Payment to the Named Plaintiff; distributing Settlement Checks; preparing a declaration regarding its due diligence in the claims administration process for submission to the Court; and performing such other duties as the Parties may direct or as are specified herein. The Settlement Administrator will be responsible for providing the aforementioned services, as appropriate, to Settlement Class Members whose names appear on the Class List.

    (A)    The Parties will have equal access to the Settlement Administrator and all information related to the administration of the Settlement, except that Plaintiffs shall not have access to the Class List or information regarding individual Settlement Class Members other than as authorized in this Agreement. The Settlement Administrator will provide weekly reports to the Parties regarding the status of the mailing of the Notices to Settlement Class Members; the claims administration process (including the number of Opt-out Statements and objections received); the substance and status of disputes raised by Settlement Class Members regarding the calculation of Settlement Awards; and distribution of the Settlement Checks.

    (B)    The Parties agree to cooperate with the Settlement Administrator and to provide such information as is necessary to allow the Settlement Administrator to discharge its duties hereunder.

**2.3.** **EEOC Charge**

    (A)    On February 8, 2019, the EEOC issued a right to sue letter to the Named Plaintiff. The Settlement resolves all of the issues the Named Plaintiff raised in his EEOC Charge, including class claims, and the Settlement is contingent, consistent with Section 5.4 of this Agreement, on the Parties' understanding that the EEOC has completed its work on this matter.

**2.4.** **Preliminary Approval Process**

    (A)    Subject to Section 2.3 above, within twenty-one (21) days after the execution of this Agreement, Plaintiffs will file in Court a class action complaint ("Complaint") and Motion for Preliminary Approval of the Settlement seeking certification of a nationwide Settlement Class under Fed. R. Civ. P. 23(b)(3) and as defined in this Agreement as needed to effectuate the Settlement, and solely for the purpose of Settlement ("Preliminary Approval Motion"). Defendant shall not oppose such

certification for the purpose of approval of this Settlement, and Defendant will consent, only for the purpose of filing the Complaint and obtaining final approval of the Settlement, to the exercise of personal jurisdiction and venue in the Court. In connection with the Preliminary Approval Motion, Plaintiffs will submit to the Court a proposed Notice in the form attached hereto as Exhibit D; a proposed Claim Form in the form attached hereto as Exhibit A; a proposed distribution method for the Gross Settlement Amount and calculation of the Settlement Awards as described in Section 3.4 herein; and a proposed Preliminary Approval Order.

(B)     The proposed Preliminary Approval Order will include the findings required by Fed. R. Civ. P. 23(a) and 23(b)(3). The Preliminary Approval Motion also will seek the setting of date(s) for individuals to opt out of this Settlement or provide objections to this Settlement, which date will be sixty (60) days from the mailing of the Notice to Settlement Class Members, and request a Fairness Hearing for final approval of the Settlement before the Court at the earliest practicable date. In no event shall the date for the Fairness Hearing be earlier than one hundred and twenty (120) days after the issuance of the Preliminary Approval Order.

(C)     In the Preliminary Approval Motion, Class Counsel will inform the Court of the intended process to obtain a Final Approval Order and a judgment of dismissal that will, among other things: (1) approve the Settlement as fair, adequate and reasonable; (2) incorporate the terms of the Release and Supplemental Release described in Section 4.1, below, and otherwise described herein; (3) dismiss the Litigation with prejudice; (4) award Class Counsel Attorneys' Fees and Litigation Expenses; and (5) award a Service Payment to the Named Plaintiff as more fully set forth herein. Defendant will not oppose the Preliminary Approval Motion.

(D)     If the Court denies the Preliminary Approval Motion, the Parties will work together, diligently and in good faith, to remedy any issue(s) leading to such denial and to seek reconsideration of the ruling or order denying approval and/or Court approval of a renegotiated settlement (without any change to the Gross Settlement Amount). If, despite the Parties' efforts, the Court continues to deny the Preliminary Approval Motion, the Litigation will resume as if no settlement had been attempted. In that event, the certification of any such Settlement Class and any related amendments to pleadings shall be null and void without prejudice to either the Named Plaintiff or Defendant seeking respectively to certify or oppose certification of any class in the Litigation.

(E)     The Parties will work together, diligently and in good faith, to obtain expeditiously a Preliminary Approval Order, Final Approval Order, and final judgment and dismissal.

(F)     Following the entry of the Preliminary Approval Order and no later than ninety (90) days prior to the Fairness Hearing, Defendant shall timely provide notice as required by the Class Action Fairness Act ("CAFA") and provide copies of such notice to Class Counsel.

## 2.5.   Notice to Settlement Class Members

(A)    Within ten (10) days of the Court's issuance of a Preliminary Approval Order, Defendant will provide to the Settlement Administrator, in electronic form, the Class List. The Class List shall include, for each Settlement Class Member, the following information: name, work state, Social Security Number, last known address, last known telephone number, and the number of times the Settlement Class Member took non-primary caregiver leave during the applicable Settlement Class Period or State Settlement Class Period, as that information exists on file with Defendant ("Class List"). Defendant will supply the number of times Settlement Class Members took non-primary caregiver leave by listing the settlement Class Members multiple times on the Class List, e.g., one time for each period of leave taken. Additionally, the Class List may include employees who did not take the full amount of available non-primary caregiver leave. Notwithstanding their appearance on the Class List, such employees shall not be considered Settlement Class Members and shall not be entitled to a Settlement Award. Defendant shall provide the foregoing information and the information provided by Defendant shall comprise the Class List.

(B)    The Class List will be held in the strictest confidence by the Settlement Administrator. To the extent the Class List, or any components thereof, is made available to the Parties and their counsel pursuant to this Agreement, all Parties and their counsel also shall hold the Class List and components thereof in the strictest confidence. Defendant and the Settlement Administrator shall not supply Class Counsel with the Class List except that the Settlement Administrator may supply Class Counsel with such access only to the extent necessary to effectuate this Agreement, and only to the extent necessary to ensure their effective representation of Settlement Class Members. (Such information includes but is not limited to, for each Settlement Class Member who submits a Claim Form, the person's name, address, telephone number and email address, as well as a copy of the Settlement Class Member's Claim Form if in the Administrator's judgment Class Counsel requires such information to effectively represent Settlement Class Members). The Settlement Administrator will upon request certify to Class Counsel that Defendant has provided it with the Class List. If a Settlement Class Member contacts Class Counsel during the notice period, Class Counsel may ask the Settlement Administrator to verify that the person is, in fact, on the Class List.

(C)    Within fifteen (15) days of the Court's issuance of the Preliminary Approval Order, the Settlement Administrator will send to all Potential Settlement Class Members the Court-approved Notice and Claim Form and First Class United States Mail, postage prepaid.

(D)    For any Settlement Class Members for whom a Notice is returned by the post office as undeliverable, the Settlement Administrator shall attempt to secure a correct address using "skip tracing" and/or similar method, and an additional Notice will be sent to the Settlement Class Member at the new address. The Settlement Administrator will notify Class Counsel and Defendant's Counsel of any Notice sent to a Settlement Class Member that is returned as undeliverable after the first mailing, as well as any such Notice returned as undeliverable after any subsequent mailing(s). In addition, for any Settlement Class Members for whom a Notice is returned by the post office as undeliverable, the Settlement Administrator will request and Defendant

8

shall provide to the Settlement Administrator within seven (7) days the personal e-mail address(es) for such individuals (if such e-mail address(es) are reasonably available to Defendant), and the Settlement Administrator will then e-mail such Settlement Class Members the Notice.

(E)     Thirty (30) days after the initial mailing of the Notice and Claim Form to Settlement Class Members, the Settlement Administrator will send, to the extent the information is available, by First Class United States Mail to Settlement Class Members who have not returned a valid Claim Form, a reminder postcard substantially in the form attached as Exhibit E.

(F)     In the event that the number of claims filed by Class Members within thirty (30) days after the initial mailing of the notice is fewer than 300, the parties shall meet and confer to discuss whether it is appropriate to provide additional notice, or extend the deadline for claims to be submitted, and/or seek assistance from the Court. If the parties agree on additional steps to be taken to increase Class Members' participation in the claims process, they shall work with the Settlement Administrator to take steps that are authorized by the Settlement Agreement and/or seek authority from the Court to implement such steps.

(G)     Class Counsel may respond to inquiries that they receive from Settlement Class Members. However, under no circumstances may Class Counsel directly contact Settlement Class Members unsolicited or otherwise induce Settlement Class Members to contact Class Counsel, except that Class Counsel may contact and communicate with the Named Plaintiff and may display the settlement Notice and Claim Form on their web sites.

(H)     The Settlement Administrator shall keep accurate records of the dates on which it sends Notices to Settlement Class Members.

(I)     In addition to sending the Notice and Claim Form as described in this Section 2.5, the Parties agree that the Settlement Administrator will create a static website – www.JPMCParentalLeaveSettlement.com – with PDF versions of the Notice and Claim Form, in the basic formats set forth in Exhibits A and D. The website shall remain posted until the expiration of the Acceptance Period.

(J)     The Settlement Administrator shall establish and maintain a toll-free number to answer questions from Settlement Class Members. The Settlement Administrator will not make any affirmative efforts to solicit Settlement Class Members to file claims. The Settlement Administrator will refer any Settlement Class Members with questions as to the claims process to Class Counsel.

**2.6.   Claim Forms**

(A)     In order to receive a Settlement Award, Settlement Class Members must submit a valid Claim Form by the Claim Form Deadline via First Class United States Mail, postage prepaid.

9

(B)     To submit a valid Claim Form, Settlement Class Members must affirm that they meet the requirements set forth in Part A of the Claim Form and one of the requirements contained in Part B of the Claim Form, and that these representations are made in accordance with Part C of the Claim Form. Under the Claim Form, each Settlement Class Member may submit a separate claim for each time the person took non-primary caregiver leave for the birth of a child during the relevant Settlement Class Period for that Settlement Class Member.

(C)     In the event any Claim Form is timely submitted but does not contain sufficient information, the Settlement Administrator shall provide the Settlement Class Member with a letter ("Cure Letter") via First Class U.S. Mail (and email if the Settlement Class Member has provided email to the Settlement Administrator), with an included postage-paid return envelope, requesting the information that was not provided and giving the Settlement Class Member the longer of fifteen (15) days from mailing of the Cure Letter or the Claim Form Deadline ("Cure Claim Bar Date") to return a properly completed Claim Form. Any Settlement Class Member who fails to respond timely to a Cure Letter will not receive a Settlement Award.

(D)     In the event of a dispute regarding the validity of a Settlement Class Member's Claim Form, the Settlement Administrator shall promptly report the nature of the dispute to Class Counsel and Defendant's Counsel, who will confer in good faith with the Settlement Administrator in an effort to resolve the dispute. Defendant will be afforded an opportunity to challenge the veracity of information contained in the Claim Form and may submit supporting documentation for any challenges to the Settlement Administrator. If Defendant makes such a challenge, the Settlement Class Member will have an opportunity to respond to the challenge before a determination of the validity of his claim by the Settlement Administrator. If the Settlement Class Member's claim is not deemed valid, the Settlement Administrator will inform the Settlement Class Member. The Settlement Administrator's decision on the validity of the claim shall be binding and non-reviewable by the Court.

**2.7.    Settlement Class Member Opt-outs**

(A)     A Settlement Class Member who chooses to opt out of the Settlement must mail via First Class United States Mail, postage prepaid, a written, signed Opt-out Statement to the Settlement Administrator. To be effective, the Opt-out Statement must include the Settlement Class Member's name, email, job title, address, and telephone number, and state, "I opt out of the JPMorgan Chase parental leave settlement". To be effective, an Opt-out Statement must be postmarked within sixty (60) days from the initial mailing of the Notice to the Settlement Class Member.

(B)     The Settlement Administrator will stamp the postmark date on the original of each Opt-out Statement that it receives and shall serve copies of each Opt-out Statement on Class Counsel and Defendant's Counsel not later than three (3) days after receipt thereof. The Settlement Administrator will also, within three (3) days of the end of the Opt-out Period, provide to Class Counsel stamped copies of any Opt-out Statements, which Class Counsel will submit to the Court at the time of filing of the Final Approval Motion. The Settlement Administrator will, within twenty-four (24)

hours of the end of the Opt-out Period, send a final list of all Opt-out Statements to Class Counsel and Defendant's Counsel by both email and overnight delivery. The Settlement Administrator will retain the stamped originals of all Opt-out Statements and originals of all envelopes accompanying Opt-out Statements in its files until such time as the Settlement Administrator is relieved of its duties and responsibilities under this Agreement.

(C)      Any Settlement Class Member who does not properly submit an Opt-out Statement pursuant to this Agreement will be deemed to have accepted the Settlement and the terms of this Agreement, including the Release.

## 2.8.    Objections to Settlement

(A)      Settlement Class Members who wish to object to the proposed Settlement must do so in writing. To be considered, a written objection must be mailed to the Settlement Administrator via First-Class United States Mail, postage prepaid, and be received by the Settlement Administrator by a date certain sixty (60) days from the mailing of the Notice to the Settlement Class Member. The written objection must include the words, "I object to the settlement in the JPMorgan Chase parental leave case" as well as all reasons for the objection. Any reasons not included in the written objection will not be considered by the Court. The written objection must also include the name, email, job title, address, and telephone number for the Objector. The Settlement Administrator will stamp the date received on the original and send copies of each objection to Class Counsel and Defendant's Counsel by email and overnight delivery no later than three (3) days after receipt thereof. The Settlement Administrator will also provide to Class Counsel the date-stamped originals of any and all objections, and Class Counsel will file the objections with the Court at the time of filing the Final Approval Motion.

(B)      An Objector has the right to appear at the Fairness Hearing either in person or through counsel hired by the Objector. An Objector who wishes to appear at the Fairness Hearing must state his intention to do so in writing at the time he submits his written objection by including the words, "I intend to appear at the Fairness Hearing" in his written objection. An Objector may withdraw his objection(s) at any time. No Settlement Class Member may appear at the Fairness Hearing unless he has filed a timely objection that complies with all procedures provided in this Subsection and the previous Subsection. No Settlement Class Member may present an objection at the Fairness Hearing based on a reason not stated in his written objection(s). A Settlement Class Member who has submitted an Opt-out Statement may not submit objections to the Settlement.

**2.9.**    **Final Approval Motion.** No later than fifteen (15) days before the Fairness Hearing, Plaintiffs will submit a Motion for Judgment and Final Approval of the Settlement.

**2.10.**    **Entry of Judgment**. At the Fairness Hearing, the Parties will request that the Court, among other things: (a) certify the settlement classes for purposes of the Settlement; (b) enter judgment in accordance with this Agreement; (c) approve the Settlement and Agreement and all its terms as final, fair, reasonable, adequate, and binding on all Settlement Class Members

who have not timely opted out pursuant to Section 2.7; and (d) dismiss the Litigation with prejudice.

2.11. **Dismissal with Prejudice upon Final Approval.** Upon issuance of the Final Approval Order, the Litigation shall be dismissed with prejudice as to Defendant with each side to assume their respective costs and attorneys' fees (other than such Litigation Expenses and Attorneys' Fees approved by the Court as set forth herein), subject to the Court's ongoing jurisdiction over the settlement process and any disputes that may arise over the administration of the Settlement. The Court shall exercise continuing jurisdiction over the administration of the Settlement and any disputes that may arise regarding the implementation or interpretation of the Settlement, but such continuing jurisdiction shall end one (1) month after all payments are made from the Qualified Settlement Fund. Upon the Settlement Effective Date, the doctrines of *res judicata* and collateral estoppel will bind all Settlement Class Members who do not timely and properly opt out, as determined by the Court, with respect to all claims identified in the Complaint.

2.12. **Effect of Failure to Grant Final Approval.** If the Court denies Plaintiffs' Final Approval Motion, the Parties will work together, diligently and in good faith, to remedy any issue(s) leading to such denial (without any change to the Gross Settlement Amount). If, despite the Parties' efforts, the Court continues to deny the Final Approval Motion (or otherwise to approve the Settlement), then the Settlement will become null and void, provided that the failure by the Court or an appellate court to award or sustain the full amount of the Service Payment to the Named Plaintiff or Class Counsel's Attorneys' Fees and Litigation Expenses will not constitute a failure to approve the Settlement or a material modification of the Settlement. If the Settlement becomes null and void, or if the action is dismissed or transferred on the basis of personal jurisdiction or venue:

    (A)    The Litigation will proceed as if no settlement had been attempted, no portion of the Gross Settlement Amount will be distributed, and the entire Gross Settlement Amount will revert to Defendant. In that event, the class certified for purposes of settlement shall be decertified (either by the Court *sua sponte* or on a motion by Defendant, which Plaintiffs agree not to oppose), and Defendant retains all rights and defenses, including the right to contest whether the Litigation should be certified and maintained as a class action and to contest the merits of the claims being asserted in the Litigation; and

    (B)    In the event the Court denies Plaintiffs' Final Approval Motion, Defendant agrees to pay the Settlement Administrator's fees and costs incurred through the date the Court denies the Final Approval Motion.

## 3. SETTLEMENT TERMS

3.1. **Settlement Amount**

    (A)    Defendant agrees to pay a total Gross Settlement Amount of Five Million Dollars ($5,000,000.00), which shall fully and finally resolve and satisfy any and all amounts to be paid to, or on behalf of, Settlement Class Members, any Court-approved Service Payment to the Named Plaintiff as more fully set forth herein, any claim for Attorneys' Fees and Litigation Expenses approved by the Court, the Employer's

Share of Taxes payable with respect to amounts payable to Settlement Class Members, the Named Plaintiff, and the Service Payment up to an aggregate of twenty percent (20%) of the Net Settlement Amount, and any Settlement Administrator's fees and costs in excess of Fifty Thousand Dollars ($50,000). Defendant agrees to pay the Settlement Administrator's fees and costs up to Fifty Thousand Dollars ($50,000), and the Employer's Share of Taxes payable with respect to amounts payable to Settlement Class Members, the Named Plaintiff, and the Service Payment in excess of twenty percent (20%) of the Net Settlement Amount, separate from and in addition to the Gross Settlement Amount. Other than Settlement Administrator's fees and costs up to Fifty Thousand Dollars ($50,000) and Employer's payroll taxes in excess of the amount allocated in Section 3.4(B) below, Defendant will not be required to pay more than the gross total of Five Million Dollars ($5,000,000.00) under the terms of this Agreement. No portion of the Gross Settlement Amount will revert to Defendant.

(B)     By no later than twenty (20) days after the date of Preliminary Approval Order, Defendant shall deposit the Gross Settlement Amount into the QSF. The Settlement Administrator will act as escrow agent and will have the authority to release the Gross Settlement Amount from escrow immediately for purposes of administering the Settlement reflected in this Agreement immediately following the Settlement Effective Date. The Settlement Administrator will make any relation-back election available with respect to the QSF under Treasury Regulation § 1.468B-1(j)(2)(ii) to cause the fund to be treated as a QSF for federal income tax purposes as early in time as is possible.

(C)     Within thirty (30) calendar days following the Settlement Effective Date, the Settlement Administrator will distribute the money in the QSF by making the following payments:

      (i)     Paying Class Counsel Court-approved Attorneys' Fees as described in Section 3.2;

      (ii)    Reimbursing Class Counsel for all Litigation Expenses approved by the Court as described in Section 3.2;

      (iii)   Paying Named Plaintiff his Service Payment in the amount described in Section 3.3, or in the amount otherwise approved by the Court; and

      (iv)    Paying Plaintiffs their Settlement Awards as described in Section 3.4;

(D)     Plaintiffs will be informed of the Acceptance Period in the Notices and on the Settlement Checks. Plaintiffs must cash their Settlement Checks by the end of the Acceptance Period. The Settlement Administrator shall notify the Parties in writing of the beginning of the Acceptance Period.

(E)     Ninety (90) days after the start of the Acceptance Period, the Settlement Administrator shall contact any Settlement Class Members who have not cashed their Settlement Checks to remind Settlement Class Members to cash their Settlement Checks.

(F)    Any amount remaining twenty (20) days after the expiration of the Acceptance Period will be redistributed among Plaintiffs who have timely cashed their checks or, if the amount remaining is small enough that a redistribution is not sensible in the discretion of the Class Counsel, the unclaimed funds will be donated to the Charity under the *cy pres* doctrine.

**3.2.   Settlement Amounts Payable as Attorneys' Fees and Costs.**

(A)    In advance of the Fairness Hearing and in conjunction with the Final Approval Motion, Class Counsel will petition the Court for an award of attorneys' fees of no more than one third of the Gross Settlement Amount, and, in addition, for reimbursement of their actual litigation costs and expenses to be paid from the QSF. Defendant will not oppose this petition, so long it is reasonable and consistent with law. All Attorneys' Fees and Litigation Expenses shall be obtained from the Gross Settlement Amount and under no circumstances shall Defendant be required to pay more than the Gross Settlement Amount. Defendant agrees not to oppose Class Counsel's request for attorneys' fees and costs up to the amounts set forth herein provided it is consistent with this Agreement. After depositing the Gross Settlement Amount with the Settlement Administrator for the QSF, Defendant shall have no additional liability for Class Counsel's attorneys' fees and costs.

(B)    The substance of Class Counsel's application for attorneys' fees and costs is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation. The outcome of any proceeding related to Class Counsel's application for attorneys' fees and costs shall not terminate this Agreement or otherwise affect the Court's ruling on the Final Approval Motion.

**3.3.   Service Payment to the Named Plaintiff.**

(A)    In return for services rendered to the Settlement Class Members, at the Fairness Hearing, Named Plaintiff Derek Rotondo will apply to the Court to receive Twenty Thousand Dollars ($20,000) as a Service Payment from the QSF. Defendant will not oppose such an application.

(B)    The application for a Service Payment is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation. The outcome of the Court's ruling on the application for a Service Payment will not terminate this Agreement or otherwise affect the Court's ruling on the Final Approval Motion.

**3.4.   Net Settlement Amount and Allocation to Plaintiffs.**

(A)    The allocation to the Named Plaintiff and Settlement Class Members for Settlement Checks will be made from the Net Settlement Amount.

(B)    The plan of allocation shall be as follows:

14

(i)    After the Claim Form Deadline, the Settlement Administrator shall determine the total number of Settlement Class Members who submitted a Claim Form that the Settlement Administrator determines to be valid and satisfies the requirements set forth in the Claim Form (attached as Exhibit A) and did not submit an Opt-out Statement, except that each Settlement Class Member who files more than one valid claim shall be entitled to an additional equal share for each valid claim. For example, a Settlement Class Member who worked in Ohio may file two valid claims if that person's spouse gave birth to a child in 2017 and 2014 and the Settlement Class Member can otherwise satisfy the requirements set forth in the Claim Form;

(ii)    The Claims Administrator shall divide the Net Settlement Amount by the total number of valid claims for all Settlement Class Members calculated as described in Subsection 3.4(B)(i) to determine the pro rata share of the Net Settlement Amount ("Pro Rata Share"). The Settlement Administrator shall also calculate the total employer share of payroll taxes associated with the Pro Rata Shares allocable to Settlement Class Members who submit valid claim forms (the "Employer's Share of Taxes");

(iii)    Provided that the Employer's Share of Taxes is less than twenty (20) percent of the Net Settlement Amount, the Settlement Administrator shall subtract the Employer's Share of Taxes from the Net Settlement Amount, thereby reducing the amount of the Pro Rata Share for Settlement Class Members;

(iv)    In the event that the Employer's Share of Taxes is more than twenty (20) percent of the Net Settlement Amount, Defendants shall provide additional funds as described in Section 3.4(D). Twenty (20) percent of the Net Settlement Amount shall be subtracted from the Net Settlement Amount, thereby reducing the amount of the Pro Rata Share for Settlement Class Members;

(v)    Finally, the Net Settlement Amount less taxes calculated pursuant to Subsections 3.4(B)(ii)-(iii), and less any employee payroll taxes withheld by the Settlement Administrator, as described in Subsection 3.6(A), shall be distributed in equal shares to the Named Plaintiff and to each Settlement Class Member who submitted a Claim Form that the Settlement Administrator determines to be valid and satisfies the requirements set forth in the Claim Form (attached as Exhibit A) and does not submit an Opt-out Statement, except that each Settlement Class Member who files more than one valid claim shall be entitled to an additional equal share for each valid claim.

(C)    Within twenty (20) days following Claim Form Deadline, the Settlement Administrator will calculate the Settlement Awards for the Named Plaintiff and for Settlement Class Members who submit valid Claim Forms pursuant to the allocation

15

plan set forth in Section 3.4(B) above and any applicable payroll taxes associated with the Settlement Awards to the Named Plaintiff and for Settlement Class Members who submit valid Claim Forms.

(D)   Within three (3) business days after completing the calculations, the Settlement Administrator will provide Class Counsel and Defendant's Counsel a summary of the number of Settlement Class Members receiving Settlement Awards, and its Settlement Award calculations, including calculation of any payroll taxes. In the event that the Employer's Share of Taxes is more than twenty (20) percent of the Net Settlement Amount as set forth in Subsection 3.4(B)(iv) above, the Settlement Administrator shall also notify Class Counsel and Defendant's counsel of any additional employer payroll taxes due. Defendant shall be responsible for the payment of any additional employer payroll taxes due and shall pay any such amount separate and apart from the Gross Settlement Amount. Defendant will deposit any such additional amount into the QSF within fifteen (15) business days of receiving the calculations described in this Subsection 3.4(D) from the Settlement Administrator.

## 3.5.   Programmatic Terms

(A)   Defendant agrees that it will continue to maintain a gender-neutral parental leave policy and that it will not reduce the amount of non-primary caregiver leave to less than two weeks of leave or the amount of primary caregiver leave to less than 14 weeks for a period of four years from the date on which this Agreement is signed and becomes effective. Nothing in the foregoing shall prevent Defendant, at its discretion, from providing more generous parental leave benefits to employees on a gender-neutral basis. Additionally, notwithstanding the foregoing, Plaintiff and Defendant agree to confer in good faith regarding modifications to this provision if unforeseen events warrant relief from this provision consistent with Fed. R. Civ. P. 60(b)(6).

(B)   Defendant agrees to conduct training and monitoring regarding its parental leave policy to support gender-neutral implementation. Defendant shall conduct (or hire a consultant to conduct) training for relevant human resources personnel and Sedgwick, a third-party contractor for Defendant (or any entity that replaces Sedgwick prior to two (2) years from the date of the Settlement Effective Date). Defendant will provide written copies of training materials used to Class Counsel on an annual basis for a period of two (2) years from the Settlement Effective Date.

(C)   Defendant agrees to provide certain data concerning the operation of the policy to Class Counsel for a two (2) year period following the Settlement Effective Date. The data shall be provided on a biannual basis, with the first reporting to be provided within six (6) months of the Settlement Effective Date. The data will include, *inter alia*, reporting on the number of applications, approvals, and denials of primary caregiver leave by male and female employees and the duration of primary and non-primary caregiver leave taken by male and female employees.

16

**3.6.    Tax Characterization**

(A)    For tax purposes, half of the amount paid to Settlement Class Members pursuant to Section 3.4 shall be wages (to be reported on an Internal Revenue Service ("IRS") Form W-2), and half shall be non-wage income (to be reported on an Internal Revenue Service ("IRS") Form 1099.  The Settlement Administrator shall be responsible for withholding and timely remitting and reporting all taxes to the appropriate taxing authorities and cooperating with, and providing evidence thereof acceptable to, Defendant as requested.

(B)    Payments of Attorneys' Fees and Litigation Expenses pursuant to Section 3.2 shall be made without withholding and reported on an IRS Form 1099.  Class Counsel shall provide to the Settlement Administrator current, valid W-9 Forms for purposes of payment of Attorneys' Fees and Litigation Expenses.

(C)    The Settlement Administrator shall satisfy all tax and other reporting obligations required to treat the Gross Settlement Amount payment as a QSF under Treasury Regulation § 1.468B-1 et seq.

(D)    The Settlement Administrator shall determine the proper tax reporting treatment for any Service Payment pursuant to Section 3.3.

(E)    All applicable income, withholding, and employee's share of employment taxes shall, notwithstanding any obligation to withhold and report on the part of the Settlement Administrator, be the responsibility of the individual Settlement Class Member receiving a Settlement Check or Service Payment (and, for the avoidance of doubt, not the responsibility of Defendant).

(F)    The Settlement Administrator shall satisfy from the Gross Settlement Amount: the cost of complying with all federal, state, local, and other reporting requirements (including any applicable reporting with respect to attorneys' fees and other costs subject to reporting) and any and all taxes, penalties and other obligations with respect to the payments or distributions not otherwise addressed in Section 3.4 above or elsewhere in this Agreement.

(G)    Neither Class Counsel nor Defendant's Counsel intend anything contained herein to constitute legal advice regarding the taxability of any amount paid hereunder, nor will it be relied upon as such.

**3.7.    Confidentiality.**  The negotiations, terms and existence of this Agreement and the continued discussions regarding the final settlement documents shall remain strictly confidential, and shall not be discussed with anyone other than the Parties, their counsel, their retained consultants or the mediator.  Such confidentiality shall expire upon the filing of the class action Complaint and Preliminary Approval Motion, except that: (a) the negotiations and discussions preceding the submission of the Settlement to the Court for preliminary approval shall remain confidential (unless otherwise ordered by the Court); and (b) Defendant may disclose this Agreement in filings that it is required to make to the Securities and Exchange Commission or any other governmental authority.

**3.8.    Press and Publicity.**    Prior to the filing of the Complaint and Preliminary Approval Motion, the Parties will agree to language for respective press releases regarding the Complaint and Settlement.  The Named Plaintiff and Class Counsel agree not to disparage Defendant or undermine Defendant's denial (however, describing the factual allegations or legal claims involved in this case shall not constitute disparagement) and will not claim that Defendant has admitted or not denied liability for the claims.  Defendant and its counsel likewise agree not to disparage the Named Plaintiff.  Nothing in this Section or Agreement shall preclude Class Counsel from posting publicly available information about the case (including case filings and the agreed-upon press releases) on their websites, or making statements consistent with the press releases.  Furthermore, nothing in this Section or Agreement shall prohibit Class Counsel from complying with ethical rules that apply in the jurisdiction in which they maintain an active bar membership, including D.C. Ethics Opinion 335.

**3.9.    Non-Admission of Liability.**    Defendant has agreed to the terms of Settlement herein without in any way acknowledging any fault or liability for the claims asserted, and (1) its agreement to the Settlement does not reflect any conclusion by Defendant regarding whether the Named Plaintiff or Settlement Class Members have viable claims and/or that claims of some Settlement Class Members are null and void due to the passage of time; (2) any stipulation or admission by Defendant contained in this Agreement, the Term Sheet executed by the Parties, or in any other document pertaining to the Settlement, is made for settlement purposes only; and (3) in the event this Settlement is not finally approved, nothing contained herein shall be construed as a waiver by Defendant of its contentions regarding any issue, including the merits of the dispute, the timeliness of Settlement Class Members' claims, and/or that class certification is appropriate.

**4.    RELEASE**

**4.1.    Release of Claims**

By operation of the entry of the Final Approval Order, and except as to such rights or claims as may be created by this Agreement:

(A)    Each Settlement Class Member who does not timely opt out pursuant to this Agreement irrevocably and unconditionally waives, releases, and forever discharges any and all claims, rights, and causes of action, whether known or unknown, under Title VII of the Civil Rights Act of 1964 and any other federal law, and state statutory, constitutional, or common law (whether characterized as discrimination, harassment, consumer protection, labor, or other claims) including claims in law, equity, contract, tort, or public policy, arising during or before the Settlement Class Period or applicable State Settlement Class Period, against Defendant and all of its current and former parents, subsidiaries, affiliates, predecessors, officers, directors, employees, shareholders, agents and attorneys, that were made or could have been made to challenge Defendant's parental leave policy and application of its policy as sex discrimination, including such sex discrimination claims for injunctive or equitable relief, declaratory relief, damages, and/or penalties of any kind (the "Release").

(B)    Unless a Settlement Class Member opts out of the settlement, the person shall be subject to the terms of the Settlement and the Release whether or not such individual

has filed a claim with the Settlement Administrator or otherwise actively participated in the Settlement. Furthermore, before receiving any monetary relief under the Settlement, each Settlement Class Member will be required to execute an additional full and final release of any and all claims released by the Settlement (the "Supplemental Release"). The full text of the Release shall be included in the Notice distributed to Settlement Class Members, and the Claim Form shall include the Supplemental Release in which the Settlement Class Members acknowledge that by submitting a Claim Form, they are agreeing to the release of claims as set forth in full in the Notice.

(C)     Except as provided in this Agreement, Class Counsel and Named Plaintiff hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that he, she or they may have for attorneys' fees or costs associated with Class Counsel's representation of the Settlement Class Members against Defendant and all of its current and former parents, subsidiaries, affiliates, predecessors, officers, directors, employees, shareholders, agents and attorneys. Class Counsel further understands and agrees that any Attorneys' Fees and Litigation Expenses approved by the Court will be the full, final and complete payment of all attorneys' fees and costs associated with Class Counsel's representation in the Litigation.

**4.2.    Effect of Failure to Cash a Settlement Check.** Upon the Settlement Effective Date of the Settlement, each Plaintiff who did not submit a valid and timely Opt-out Statement shall have released all claims as defined in Section 4.1 of the Agreement, regardless of whether they cashed their Settlement Check.

**5.      INTERPRETATION, ENFORCEMENT, AND MISCELLANEOUS TERMS**

**5.1.    Arms' Length Transaction; Materiality of Terms.** The Parties have negotiated all the terms and conditions of this Agreement at arms' length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

**5.2.    Binding Effect.** This Agreement shall be binding upon the Parties and, with respect to the Named Plaintiff and all Settlement Class Members who do not opt out, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns.

**5.3.    Severability.** If any provision of this Agreement other than the Release set forth in Section 4.1(A) of the Agreement or Section 5.4 is held by the Court or any court presiding over an appeal related to the Settlement to be void, voidable, unlawful or unenforceable, the remaining portions of this Agreement will remain in full force and effect.

**5.4.** Within ten (10) days of whenever an act occurs that would permit Defendant to withdraw from this Agreement, such as an order that voids the Release set forth in Section 4.1(A) of this Agreement, Defendant must provide Plaintiff's counsel with notice that it is withdrawing from this Agreement in order to withdraw from this Agreement. If Defendant does not provide such timely notice of its withdrawal from this Agreement, Defendant shall waive its right to withdraw from this Agreement. Notwithstanding the foregoing, if the EEOC

19

intervenes in any lawsuit filed by Plaintiffs against Defendant arising from Defendant's parental leave policy, or the EEOC otherwise takes any adverse action against Defendant related to Defendant's parental leave policy, Defendant shall be permitted to withdraw from this Agreement at any time prior to final approval of the Agreement; in the event the Defendant exercises this right, it shall notify the Plaintiffs and the Court and the parties shall confer on appropriate next steps.

5.5.   **Captions.** The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

5.6.   **Construction.** The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

5.7.   **Continuing Jurisdiction.** The Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the Settlement contemplated thereby.

5.8.   **Duty to Support and Defend the Settlement Agreement.** Class Counsel and Defendant's Counsel each agree to abide by all terms of this Agreement in good faith and to support it fully, and will use their respective best efforts to defend this Agreement from any legal challenge, whether by appeal, collateral attack or otherwise.

5.9.   **Entire Agreement.** This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

5.10.   **Facsimile and Email Signatures.** Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

5.11.   **Governing Law.** This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

5.12.   **No Assignment.** Class Counsel and the Named Plaintiff represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action.

5.13.   **Stay.** The Parties agree to stay all proceedings in the Litigation, except such proceedings as may be necessary to implement and complete the Settlement, in abeyance pending the Fairness Hearing.

**5.14. Waivers, etc. to Be in Writing.** No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

**5.15. When Agreement Becomes Effective; Counterparts.** This Agreement shall become effective upon its execution. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same instrument.

**WE AGREE TO THESE TERMS,**

DATED: _____, 2019            **JPMORGAN CHASE BANK, N.A.**

By: _Robin E. Leopold_____

DATED: _____, 2019            **DEREK ROTONDO**

By: _____

21

**5.14. Waivers, etc. to Be in Writing.** No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

**5.15. When Agreement Becomes Effective; Counterparts.** This Agreement shall become effective upon its execution. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same instrument.

**WE AGREE TO THESE TERMS,**

DATED: _____, 2019          **JPMORGAN CHASE BANK, N.A.**


By: _____


DATED: 5|28|, 2019          **DEREK ROTONDO**


By: _____

21

# Exhibit A

<u>**Claim Form**</u>

*Note:* <u>**You should submit a separate claim form**</u> **for each child for which you were denied or deterred from seeking primary caregiver leave during the Settlement Class Period or applicable State Settlement Class Period.  You may receive a separate payment for each valid claim form that you submit.**

<u>**Part A**</u>

*Check boxes to affirm as follows (check all boxes in Part A that apply)*

[ ] My partner, spouse, or birthing parent gave birth to a child on  _____.

[ ] I took paid parental leave from Chase as a non-primary caregiver in or around the following dates (list all occasions on which you took paid parental leave, including month and year:

_____

_____

[ ] I intended to be the primary caregiver of my child during the period of my parental leave, meaning I was going to have primary parental responsibility for the care of the child during that time.

[ ] I made a good faith effort to learn about Chase's parental leave policy and eligibility to be the primary parental caregiver.

[ ] I took the maximum amount of non-primary parental leave available to me under Chase's policy in effect at the time of the birth of the child (2 weeks for births occurring from December 8, 2015 through December 4, 2017, and 1 week for births before December 8, 2015).

<u>**Part B**</u>

*Select one of the following*:

 **[  ] I applied to be the primary parental caregiver and was denied.**

 **[  ] I did not apply to be the primary parental caregiver because (*circle the reason why you did not apply, either (1) or (2)*):**

  (1) based on my review of Chase's parental leave policy, I concluded I was ineligible to be the primary parental caregiver, OR

  (2) upon communicating with a supervisor or Human Resources representative, I was informed that I was not eligible to be the primary parental caregiver.

<u>**Part C**</u>

By signing below, my partner, spouse, or birthing parent has corroborated my intent to serve as the primary parental caregiver for our child during the period of my parental leave.  If my

partner, spouse, or birthing parent is unavailable or unable to sign, then I am setting forth the reason for such unavailability/inability below.

I further understand that Chase may make a challenge to the Claims Administrator of the validity of my above representations, that submitting a false statement is a violation of Chase policy, and that I am submitting this form under penalty of perjury.


_____

Partner/Spouse/Birthing Parent (print name, signature, date)

[Signed under penalty of perjury]


My partner/spouse/birthing parent is unavailable or unable to sign because

_____

_____

_____

_____

_____

_____


_____

 [Employee Name] (print name, signature, date)

[Signed under penalty of perjury]


_____

 [Notary signature]

# Exhibit B

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| DEREK ROTONDO, on behalf of himself and all others similarly situated, | |
| Plaintiff, | **No. XX Civ. XX** |
| v. | |
| JPMORGAN CHASE Bank, N.A., | |
| Defendant. | |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTIONS FOR
CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE
CLASS ACTION SETTLEMENT, AND APPROVAL OF ATTORNEYS' FEES,
REIMBURSEMENT OF EXPENSES, AND SERVICE PAYMENT**

The matter came before the Court on Plaintiff's Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement, and Approval of the Class Action Settlement; Motion for Approval of Attorneys' Fees and Reimbursement of Expenses; and Motion for Approval of Service Payment ("Final Approval Motions"). Defendant does not oppose the Motions.

1.      Based upon the Court's review of Plaintiff's Memorandum of Law in Support of Certification of the Settlement Class, Final Approval of the Class Action Settlement, and Approval of the Class Action Settlement, and all other papers submitted in connection with Plaintiff's Final Approval Motions, the Court grants final approval of the $5,000,000.00 settlement memorialized in the Settlement Agreement and Release ("Settlement Agreement"), and "so orders" all of its terms which are incorporated herein. Capitalized terms used in this Order shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

2.       For settlement purposes only, the Court certifies the Settlement Class defined in the Settlement Agreement pursuant to Federal Rule of Civil Procedure 23(e) ("Settlement Class").

3.       The Settlement Class meets all of the requirements for class certification under Federal Rules of Civil Procedure 23(a) and (b)(3) for purposes of settlement only.

4.       The Settlement Class Period for Settlement Class Members who worked in any state outside of those included in separately-defined State Settlement Class Periods is from August 19, 2016 (300 days before the charge was filed) through December 4, 2017 (when Chase revised the 2016 policy).  The Settlement Class Member's non-primary caregiver leave or request for non-primary or primary caregiver leave must have occurred during the Settlement Class Period or within sixteen (16) weeks before the Settlement Class Period (as the person still would have been eligible for paid parental leave benefits during the Settlement Class Period).

5.       If a Settlement Class Member worked in a state included in the State Settlement Class Periods, the Settlement Class Member's non-primary caregiver leave or request for non-primary or primary caregiver leave must have occurred during the applicable State Settlement Class Period or within twelve (12) weeks before the State Settlement Class Period (as the person still would have been eligible for paid parental leave benefits during the State Settlement Class Period), except that for Arkansas, Louisiana, Minnesota, North Carolina, Oregon, South Dakota, Tennessee and District of Columbia the Settlement Class Member's non-primary caregiver leave or request for non-primary or primary caregiver leave must have occurred during the applicable State Settlement Class Period or within sixteen (16) weeks before the State Settlement Class Period.  The following State Settlement Class Periods apply for the following states:

2

    a.   Alaska, Maine, New Jersey, and West Virginia: June 15, 2015 through December 4, 2017

    b.   Michigan, New York, Washington, and Vermont: June 15, 2014 through December 4, 2017

    c.   California: June 15, 2013 through December 4, 2017

    d.   Kentucky: June 15, 2012 through December 4, 2017

    e.   Ohio: June 15, 2011 through December 4, 2017

    f.   Arkansas, Louisiana, Minnesota, North Carolina, Oregon, South Dakota, Tennessee, and District of Columbia: June 15, 2016 through December 4, 2017

6.      Outten & Golden LLP and the American Civil Liberties Union Women's Rights Project ("ACLU"), which the Court previously appointed as Class Counsel in its Preliminary Approval Order, satisfy the adequacy requirements of Rule 23(g).

7.      The Court finds that there were XX objections to the Settlement.  [These objections are overruled.]

8.      The Court approves the settlement and all terms set forth in the Settlement Agreement, and finds that the settlement is, in all respects, fair, adequate, reasonable for the reasons set forth in the Court's XX DATE Preliminary Approval Order, and is binding on all members of the Settlement Class who have not timely and properly opted out pursuant to Section 2.7 of the Settlement Agreement.

9.      The attorneys at Outten & Golden LLP and the ACLU who prosecuted this case are experienced civil rights and employment lawyers with good reputations among the employment law bar.  The Court grants Plaintiff's Motion for Attorneys' Fees and awards Class Counsel $1,666,650.00 in attorneys' fees, which is thirty-three and one third percent (33 1/3%) of the Gross Settlement Amount, plus $ XXX in costs and expenses reasonably expended

litigating and resolving the lawsuit. The fee award is justified by the work that Class Counsel did negotiating the settlement and conducting the litigation, the ultimate recovery, and the risk that Class Counsel undertook in bringing the claims. These amounts shall be paid from the Gross Settlement Amount.

10.     The Court finds reasonable the service payment for Plaintiff Derek Rotondo in the amount of $20,000 in recognition of the services he rendered on behalf of the Settlement Class Members. This amount shall be paid from the Gross Settlement Amount.

11.     The Court approves the Settlement Administrator's fees and costs of [no more than] $ XXX. Of this this amount, $50,000 shall be paid by Defendant and the excess shall be paid out of the Gross Settlement Amount.

12.     Any amount remaining twenty (20) days after the expiration of the Acceptance Period for Settlement Checks will be redistributed among Settlement Class Members who have timely cashed their checks or, if the amount remaining is small enough that a redistribution is not sensible in the discretion of the Class Counsel, the unclaimed will be donated under the *cy pres* doctrine. The Parties shall identify an organization or organizations to serve as the *cy pres* recipient if there are unclaimed settlement funds, which shall be subject to this Court's approval.

13.     If no individual or party appeals this Order, the Settlement Effective Date will be thirty-one (31) days after the Order is entered.

14.     If an individual or party appeals this Order, the Settlement Effective Date shall be the date after the day upon which the Settlement has been finally approved by the Court and any appeals of the Final Approval Order have been resolved with no further rights to appeal.

15.     The Settlement Administrator will disburse Settlement Checks to Settlement Class Members, the Named Plaintiff's Service Award, and Class Counsel's attorneys' fees, costs, and expenses within 30 days of the Effective Date.

16.     The Litigation is hereby dismissed with prejudice, with each side to assume their respective costs and attorneys' fees (other than such costs and attorneys' fees approved by the Court as set forth herein), subject to the Court's ongoing jurisdiction over the settlement process and any disputes that may arise over the administration of the settlement as set forth in Paragraph 17 below.

17.     The Court shall exercise continuing jurisdiction over the administration of the settlement and any disputes that may arise regarding the implementation or interpretation of the settlement, but such continuing jurisdiction shall end one month after all payments are made from the settlement fund.

18.     Upon the Effective Date, the doctrines of res judicata and collateral estoppel will bind all Settlement Class Members who do not timely and properly opt out, as determined by the Court, with respect to all claims identified in the Complaint.

19.     The Parties shall abide by all terms of the Settlement Agreement.


It is so ORDERED this _____ day of _____, 2019.


_____

Judge [XX]

# Exhibit C

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

DEREK ROTONDO, on behalf of himself and all
others similarly situated,

                        Plaintiff,

      v.

JPMORGAN CHASE Bank, N.A.,

                        Defendant.

**No. XX Civ. XX**

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF PLAINTIFF'S COUNSEL AS CLASS COUNSEL, AND APPROVAL OF THE PROPOSED NOTICE OF SETTLEMENT AND CLASS ACTION SETTLEMENT PROCEDURE**

The matter came before the Court on Plaintiff's Motion for Preliminary Approval of Class Action Settlement, Conditional Certification of the Settlement Class, Appointment of Plaintiff's Counsel as Class Counsel, and Approval of the Proposed Notice of Settlement and Class Action Settlement Procedure ("Preliminary Approval Motion").  Defendant does not oppose this Motion.

      1.      Based upon the Court's review of Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement, Conditional Certification of the Settlement Class, Appointment of Plaintiff's Counsel as Class Counsel, and Approval of the Proposed Notice of Settlement and Class Action Settlement Procedure, and all other papers submitted in connection with Plaintiff's Preliminary Approval Motion, the Court grants preliminary approval of the $5,000,000.00 settlement memorialized in the Settlement Agreement and Release ("Settlement Agreement").  Capitalized terms used in this Order shall

have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

## I.    CERTIFICATION OF THE SETTTLEMENT CLASS

2.    For settlement purposes only, the Court conditionally certifies the Settlement Class defined in the Settlement Agreement pursuant to Federal Rule of Civil Procedure 23(e) ("Settlement Class").

3.    The Settlement Class meets all of the requirements for class certification under Federal Rules of Civil Procedure 23(a) and (b)(3) for purposes of settlement only.

4.    The Settlement Class Period for Settlement Class Members who worked in any state outside of those included in separately-defined State Settlement Class Periods is from August 19, 2016 (300 days before the charge was filed) through December 4, 2017 (when Chase revised the 2016 policy). The Settlement Class Member's non-primary caregiver leave or request for non-primary or primary caregiver leave must have occurred during the Settlement Class Period or within sixteen (16) weeks before the Settlement Class Period (as the person still would have been eligible for paid parental leave benefits during the Settlement Class Period).

5.    If a Settlement Class Member worked in a state included in the State Settlement Class Periods, the Settlement Class Member's non-primary caregiver leave or request for non-primary or primary caregiver leave must have occurred during the applicable State Settlement Class Period or within twelve (12) weeks before the State Settlement Class Period (as the person still would have been eligible for paid parental leave benefits during the State Settlement Class Period), except that for Arkansas, Louisiana, Minnesota, North Carolina, Oregon, South Dakota, Tennessee and District of Columbia the Settlement Class Member's non-primary caregiver leave or request for non-primary or primary caregiver leave must have occurred during the applicable

State Settlement Class Period or within sixteen (16) weeks before the State Settlement Class Period.  The following State Settlement Class Periods apply for the following states:

a. <u>Alaska, Maine, New Jersey, and West Virginia</u>: June 15, 2015 through December 4, 2017

b. <u>Michigan, New York, Washington, and Vermont</u>: June 15, 2014 through December 4, 2017

c. <u>California</u>: June 15, 2013 through December 4, 2017

d. <u>Kentucky</u>: June 15, 2012 through December 4, 2017

e. <u>Ohio</u>: June 15, 2011 through December 4, 2017

f. <u>Arkansas, Louisiana, Minnesota, North Carolina, Oregon, South Dakota, Tennessee, and District of Columbia</u>: June 15, 2016 through December 4, 2017

## II.  **APPOINTMENT OF CLASS REPRESENTATIVE AND CLASS COUNSEL**

6. The Court finds that Named Plaintiff Derek Rotondo has claims typical of the Settlement Class Members and is an adequate representative of the Settlement Class Members. The Court appoints him to serve as the class representative of the Settlement Class Members.

7. Outten & Golden LLP and the American Civil Liberties Union Women's Rights Project ("ACLU"), have, separately and collectively, extensive experience and expertise in prosecuting employment discrimination class action cases.  The Court appoints these firms as Class Counsel for the Settlement Classes under Rule 23(g).

## III.  **PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**

8. Based upon the Court's review of the Preliminary Approval Motion, the Court grants preliminary approval of the settlement and all terms set forth in the Settlement Agreement and finds that the settlement is, in all respects, fair, adequate, reasonable, and binding on all

members of the Settlement Class who have not timely and properly opted out pursuant to Section 2.7 of the Settlement Agreement.

9.     The Court concludes that the proposed Settlement Agreement is "within the range of possible [settlement] approval," such that notice to the Settlement Class Members is appropriate.  *In re Inter-Op Hip Prosthesis Liability Litig.*, 204 F.R.D. 330, 350 (N.D. Ohio 2001) ("*In re Inter-Op Litig.*") (quoting Manual for Complex Litigation (Third) § 30.41 (1995)).

10.    Having conducted an initial evaluation of the fairness of the proposed settlement on the basis of the Preliminary Approval Motion, the supporting declarations, and its attached documents, the Court finds that because the settlement is "fair, reasonable, and adequate," and is not a "product of fraud or collusion," preliminary approval should be granted.  *Clark Equip. Co. v. Int'l Union, Allied Indus. Workers of Am., AFL-CIO*, 803 F.2d 878, 880 (6th Cir. 1986). Accordingly, the Court finds it appropriate to "direct that notice under Rule 23(e) be given to the class members of a formal fairness hearing."  *In re Inter-Op Litig.*, 204 F.R.D. at 350.

11.    The Court finds that the Settlement Agreement is the result of extensive, arm's length negotiations by counsel well-versed in the prosecution of complex employment class actions.

12.    The assistance of an experienced mediator reinforces that the Settlement Agreement is non-collusive.  *See Bert v. AK Steel Corp.*, No. 02 Civ. 467, 2008 WL 4693747, at *2 (S.D. Ohio Oct. 23, 2008) ("[P]articipation of an independent mediator in settlement negotiations virtually insures that the negotiations were conducted at arm's length and without collusion . . . .").

**IV.**     **APPROVAL OF THE FORM AND MANNER OF DISTRIBUTING CLASS NOTICE AND CLAIM FORM**

13.     The Court finds that the proposed Notice is the best notice practical under the circumstances and allows Settlement Class Members a full and fair opportunity to consider the proposed settlement.  The proposed plan for distributing the Notice and Claim Form likewise is a reasonable method calculated to reach all members of the Settlement Class who would be bound by the settlement.  There is no additional method of distribution that would be reasonably likely to notify Settlement Class Members who may not receive notice pursuant to the proposed distribution plan.

14.     The Notice fairly, plainly, accurately, and reasonably informs Settlement Class Members of:  (1) appropriate information about the nature of this litigation, the Settlement Class, the identity of Class Counsel, and the essential terms of the Settlement Agreement, including class member relief; (2) appropriate information about Class Counsel's forthcoming application for attorneys' fees, the proposed Service Awards to the Named Plaintiff and other payments that will be deducted from the Gross Settlement Amount; (3) appropriate information about how to participate in the Settlement; (4) appropriate information about this Court's procedures for final approval of the Settlement Agreement, and about Settlement Class Members' right to appear through counsel if they desire; (5) appropriate information about how to challenge or opt-out of the settlement, if they wish to do so; and (6) appropriate instructions as to how to obtain additional information regarding this litigation or the Settlement Agreement.  The Notice will also provide specific information regarding the date, time, and place of the final approval hearing.  This information is adequate to put Class Members on notice of the proposed settlement and is well within the requirements of Rule 23(c)(2)(B).

15.     The Court finds and concludes that the proposed plan for distributing the Notice and Claim Form will provide the best notice practicable, satisfies the notice requirements of Rule 23(e), and satisfies all other legal and due process requirements.

16.     Accordingly, the Court hereby ORDERS as follows:

a.     The form of the Notice and Claim Form is approved.  Non-material changes may be made as the Parties deem appropriate.

b.     The manner for distributing the Notice and Claim Form is approved.

c.     Within ten (10) days following entry of this Order, Defendant will provide to the Settlement Administrator, in electronic form, for all Settlement Class Members, the following information:  name, work state, Social Security Number, last known addresses, last known telephone number, and the number of times the Settlement Class Member took non-primary caregiver leave during the applicable Federal Settlement Class Period or State Settlement Class Period, as that information exists on file with Defendant.  The Class List will be held in the strictest confidence by all Parties and their counsel to the extent the Parties and their counsel are entitled to the Class List under the Settlement Agreement, and by the Settlement Administrator.

d.     By no later than twenty (20) days following the entry of this Order, Defendant shall deposit the Gross Settlement Amount into the Qualified Settlement Fund.

e.     Within fifteen (15) days following the entry of this Order, the Settlement Administrator will mail to all Settlement Class Members, via First Class United States Mail, postage prepaid, the Court-approved Notice and Claim Form.

f.     The Settlement Administrator will also maintain a static website with PDF versions of the Notice and Claim Form that Settlement Class Members may access, and establish and maintain a toll-free number to answer questions from Settlement Class Members.  The website shall remain posted until the expiration of the Acceptance Period.

g.     For any Settlement Class Members for whom a Notice is returned by the post office as undeliverable, the Settlement Administrator shall attempt to secure a correct address using "skip tracing" and/or similar method, and a subsequent notice will be sent to the Settlement Class Member at the new address.  The Settlement Administrator will notify Class Counsel and Defendant's Counsel of any Notice sent to a Settlement Class Member

that is returned as undeliverable after the first mailing, as well as any such Notice returned as undeliverable after any subsequent mailing(s). In addition, for any Settlement Class Members for whom a Notice is returned by the post office as undeliverable, the Settlement Administrator will request and Defendant shall provide to the Settlement Administrator within seven (7) days the personal e-mail address(es) for such individuals (if such e-mail address(es) are reasonably available to Defendant), and the Settlement Administrator will then e-mail such Settlement Class Members the Notice.

h.      Thirty (30) days after the initial mailing of the Notice and Claim Form to Settlement Class Members, the Settlement Administrator will send, to the extent the information is available, by First Class United States Mail to Settlement Class Members who have not returned a valid Claim Form, a reminder postcard.

i.      The Settlement Administrator shall take all other actions in furtherance of claims administration as are specified in the Settlement Agreement.

## V.    PROCEDURES FOR FINAL APPROVAL OF THE SETTLEMENT

### A.    Final Approval Hearing

17.    The Court hereby schedules a hearing to determine whether to grant final certification of the Settlement Class, and final approval of the Settlement Agreement (including the proposed plan of class member relief, payment of attorneys' fees and costs, and Service Award to the Named Plaintiff) (the "Fairness Hearing") for [at least 120 days after the Court issues a Preliminary Approval Order] at _____ am/pm.

### B.    Deadline to Request Exclusion from the Settlement

18.    Settlement Class Members may exclude themselves, or opt-out, of the Settlement. Any Opt-out Statement must be in the form of a written, signed statement that states, "I opt out of the JPMorgan Chase parental leave settlement." To be effective, an Opt-out Statement must be postmarked within sixty (60) days from the initial mailing of the Notice to the Settlement Class Member.

19.     Within twenty-four (24) hours of the end of the Opt-out Period, the Settlement Administrator will send a final list of all Opt-out Statements to Class Counsel and Defendant's Counsel by both email and overnight delivery.

20.     Any Settlement Class Member who does not properly submit an Opt-out Statement pursuant to this Agreement will be deemed to have accepted the Settlement and the terms of the Settlement Agreement, including the Release contained therein.

### C.     <u>Deadline for Filing Objections to the Settlement</u>

21.     Any Settlement Class Member who wishes to object to the proposed Settlement must do so in writing.  To be considered, a written objection must be mailed to the Settlement Administrator via First-Class United States Mail, postage prepaid, and be received by the Settlement Administrator by a date certain sixty (60) days from the mailing of the Notice to the Settlement Class Member.  The written objection must include the words, "I object to the settlement in the JPMorgan Chase parental leave case" as well as all reasons for the objection. Any reasons not included in the written objection will not be considered by the Court.  The written objection must also include the name, job title, address, and telephone numbers for the Settlement Class Member making the objection.  The Settlement Administrator will stamp the date received on the original and send copies of each objection to Class Counsel and Defendant's Counsel by email and overnight delivery no later than three days after receipt thereof.

22.     Any Settlement Class Member who is an Objector has the right to appear at the Fairness Hearing either in person or through counsel hired by the Objector.  An Objector who wishes to appear at the Fairness Hearing must state his intention to do so in writing at the time he submits his written objection by including the words, "I intend to appear at the Fairness Hearing" in his written objection.  An Objector may withdraw his objection(s) at any time.  No Settlement

Class Member may appear at the Fairness Hearing unless he has filed a timely objection that complies with all procedures provided in the Settlement Agreement. No Settlement Class Member may present an objection at the Fairness Hearing based on a reason not stated in his written objection(s). A Settlement Class Member who has submitted an Opt-out Statement may not submit objections to the Settlement.

        **D.**     **Deadline for Submitting Claims Forms**

       23.     In order to receive a Settlement Award, Settlement Class Members must submit a valid Claim Form by the Claim Form Deadline.

       24.     To submit a valid Claim Form, Settlement Class Members must affirm that they meet the requirements set forth in Part A of the Claim Form and one of the requirements contained in Part B of the Claim Form, and that these representations are made in accordance with Part C of the Claim Form. Under the Claim Form, each Settlement Class Member may submit a separate claim for each time the person took non-primary leave for the birth of a child during the relevant Settlement Class Period for that Settlement Class Member.

        **F.**     **Deadline for Submitting Motion Seeking Final Approval**

       25.     No later than fifteen (15) days before the Fairness Hearing, Plaintiff will submit a Motion for Judgment and Final Approval of the Settlement. In conjunction with the Motion for Judgment and Final Approval of the Settlement, Plaintiff shall also petition for approval of Class Counsel's attorneys' fees and costs and the requested Service Award to the Named Plaintiff, consistent with terms of the Settlement Agreement.

       26.     The Parties shall abide by all terms of the Settlement Agreement.

It is so ORDERED this _____ day of _____, 2019.


_____
Judge [XX]

# Exhibit D

<u>COURT-AUTHORIZED NOTICE</u>

**UNITED STATES DISTRICT COURT**
**<u>SOUTHERN DISTRICT OF OHIO</u>**

# If you are a current or former male employee of JPMorgan Chase, took parental leave after the birth of your child, and were denied primary caregiver status or deterred from seeking primary caregiver status, you may be eligible to receive payment from this class action settlement.

*A court authorized this notice.  This is not a solicitation from a lawyer.*

An employee (the "Plaintiff") of JPMorgan Chase Bank, N.A. ("Chase" or "Defendant") has sued Defendant for violations of Title VII of the Civil Rights Act and similar state laws in the United States District Court for the Southern District of Ohio (the "Court").  The Plaintiff sought recovery for claims that Chase provided birth fathers with less paid parental leave than birth mothers.

- Defendants have agreed to pay $5,000,000 to resolve the case.  The $5,000,000 will be used to cover payments to Class Members, any applicable employer payroll taxes, Class Counsel's attorneys' fees and costs, a service payment to the Plaintiff who brought the lawsuit and assisted with it, and part of the cost of administering the settlement.

- The Court has not decided who is right and who is wrong.  Your legal rights may be affected, and you have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **GET A PAYMENT** | You must submit a Claim Form by [insert 60 days from initial mailing or 75 for remailing] to be eligible to receive a payment under the settlement.  If you do so, you will give up your right to sue Defendant for the claims covered by the settlement.  If you submit a Claim Form, but the Settlement Administrator determines that you were not denied or deterred from seeking primary caregiver status or were not otherwise eligible for compensation, you will not receive a payment. |
| **DO NOTHING** | If you do not submit a Claim Form, you get **no** payment.  If you do nothing, you also give up your right to sue Defendant for the claims covered by the settlement. |
| **EXCLUDE YOURSELF** | If you wish to exclude yourself ("opt out") from the settlement, you must follow the directions outlined in Section 14 below.  If you exclude yourself, you will receive no payment and you cannot object to the settlement.  You will preserve any rights |

| | |
|---|---|
| | you may have had to sue Defendant for the claims covered by the settlement, subject to applicable statutes of limitations. **Your exclusion request must be postmarked no later than [insert 60 days from initial mailing].** |
| **OBJECT** | You may write to the Court about why you believe the settlement is not fair or reasonable.  You must object in writing in order to appear at the Fairness Hearing to speak to the Court about the fairness of the settlement as set forth in Sections 21-23 below. **You must send a written objection postmarked no later that [insert 60 days from initial mailing].** |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court in charge of this case still has to decide whether to give final approval to the settlement.  Payments will be made if the Court approves the settlement and after appeals, if any, are resolved.  Please be patient.

# BASIC INFORMATION

## 1. Why did I receive this notice?

You have received this notice because Chase's records show that you took non-primary caregiver leave for the birth of a child during an applicable settlement class period or within 12 weeks before such a period, or 16 weeks before such a period for the states in which a 1 year period or less is applicable.  Chase's records show that you took non-primary leave for the birth of a child during one of the following date ranges:

- If you worked in Alaska, Maine, New Jersey, and West Virginia: March 23, 2015 through December 4, 2017

- If you worked in Michigan, New York, Washington, and Vermont: March 23, 2014 through December 4, 2017

- If you worked in California: March 23, 2013 through December 4, 2017

- If you worked in Kentucky: March 23, 2012 through December 4, 2017

- If you worked in Ohio: March 23, 2011 through December 4, 2017

- <u>If you worked in Arkansas, Louisiana, Minnesota, Oregon, North Carolina, South Dakota, Tennessee, and District of Columbia</u>: February 24, 2016 through December 4, 2017

- <u>If you worked in any other state</u>: April 29, 2016 through December 4, 2017

The Court ordered that you be sent this notice because you have a right to know about a proposed settlement and all your options before the Court decides whether to approve the settlement. The lawsuit is known as *Rotondo v. JPMorgan Chase Bank, N.A.*, [Insert Case No.], and is pending in the U.S. District Court for the Southern District of Ohio.

## 2. What is this lawsuit about?

The Plaintiff alleged that Chase unlawfully discriminated against birth fathers by treating birth mothers as presumptive primary caregivers for purposes of paid parental leave, and only treating birth fathers as primary caregivers if they were able to show that (1) their spouse or domestic partner had returned to work; or (2) their spouse or domestic partner was medically incapable of caring for the child.

Specifically, prior to March 1, 2016, Chase provided 12 weeks of paid parental leave to primary caregivers while permitting non-primary caregivers 1 week; and from March 1, 2016, through December 2017 (plus retroactively for births that occurred on or after December 8, 2015), Chase provided 16 weeks of paid parental leave to primary caregivers while allowing non-primary caregivers 2 weeks.

Chase denies that it violated any laws or did anything wrong. The Court has not issued any decision on the merits of Plaintiff's claims.

## 3. What is a class action?

In a class action, one or more persons (known as "Class Representatives") sue not only for themselves, but also for other people who have similar claims. These other people are known as "Class Members." One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

## 4. Why is there a settlement?

The Court did not decide in favor of Plaintiff or Defendant. Both sides believe they would have prevailed, but there was no ruling in favor of either party. Instead, both sides agreed to a settlement. That way, they avoid the costs, delays, and uncertainties associated with a trial, and the Class Members who timely submit a Claims Form will get compensation. Plaintiff and Class Counsel think the settlement is the best result for all Class Members and that the terms and conditions of the settlement are fair, reasonable, and adequate.

# WHO IS IN THE SETTLEMENT

### 5. How do I know if I am part of the Class?

The class is comprised of all current and former male Chase employees who took the full amount of available non-primary caregiver leave for the birth of their child during the applicable Class Period and did not take primary caregiver leave. In order to qualify for a payment under the settlement, **you must timely submit a Claim Form** including a statement, under penalty of perjury, describing or stating that you intended to or would have served as the primary caregiver of your child and that Chase denied you primary caregiver leave status or deterred you from seeking primary caregiver leave, and that you took the maximum amount of non-primary caregiver leave available under Chase's policy in effect at the time of the birth of your Child. Those statements, as well as confirmation by your spouse, must be made subject to penalty of perjury. For information on how to submit a Claim Form, see Section 10 below. Unless you exclude yourself or opt out (as explained in Sections 14-15), you will release your claims against Chase related to this lawsuit (as explained in Section 13 below).

### 6. I'm still not sure if I am included.

If you are still not sure whether you are included, you can contact the Settlement Administrator at the phone number(s) and address(es) listed below.

# THE SETTLEMENT BENEFITS – WHAT YOU GET

### 7. What does the settlement provide?

Defendants have agreed to pay $5,000,000, which will be used to cover payments to Class Members, and the employer share of applicable payroll taxes, Class Counsel's attorneys' fees and costs, a service payment to the Plaintiff who brought the lawsuit and assisted with it, and a portion of the settlement administrator's fees. Chase's payment will not materially change if you choose to participate in this case.

### 8. How much will my payment be?

Each Class Member is entitled to a pro rata portion of the $5,000,000 (after attorneys' fees and costs, a service payment to the Plaintiff, and a portion of the settlement administrator's fees have been deducted) per period of non-primary caregiver leave taken for a child born during the applicable Class Period. We estimate that your payment will be between approximately $5,862 (if class members file 10% of the potentially valid claims) and $837 (if class members file 70% of the potentially valid claims), less the employee share of any applicable taxes, but it may be more or less depending on the number of Class Members who submit valid Claim Forms.

If you took non-primary caregiver leave more than once during the applicable Class Period because you had more than one child born during the Class Period, you are eligible to receive an additional pro rata share for each additional child born during the Class Period. **If you had multiple children born during the applicable Class Period, you should submit a separate Claim Form for each**

**period of non-primary caregiver leave taken after the birth of a child during the Settlement Class Period and/or applicable State Settlement Class Period**.

| 9.  Will participating impact my employment? |
| --- |

No.  Your choice regarding whether or not to participate in the lawsuit will not impact decisions regarding your individual employment with Chase.

# HOW YOU GET A PAYMENT

| 10.  How can I submit a Claim Form and get my payment? |
| --- |

In order to receive a payment, you **must** properly complete and submit a Claim Form postmarked or otherwise submitted by [**insert 60 days from initial mailing or 75 for remailing**], and the Class Administrator must determine that your claim is valid, i.e., you intended to be the primary caregiver and you were denied or deterred from seeking primary caregiver status, and you took the maximum amount of non-primary caregiver leave available under Chase's policy in effect at the time of the birth of your child (two weeks for births occurring on or after December 8, 2015; one week for births occurring before December 8, 2015).  The Claim Form that you must complete is attached to this notice as Exhibit 1.  The Claim Form must be mailed to:

JPMorgan Chase Parental Leave Settlement
[**SETTLEMENT ADMINISTRATOR CONTACT INFORMATION**]

within the time period outlined in this Section 10.

If you choose to exclude yourself (as explained in Section 13 below), then you will not receive a payment and will not be part of the settlement.

| 11.  When will I get my payment? |
| --- |

The Court will hold a Fairness Hearing on [**insert date**] to decide whether to approve the settlement.  If the Court approves the settlement, and if there are no appeals, then your payment will be mailed to you after the Court's approval order becomes a final order.

You must deposit or cash your settlement check within 180 calendar days after it is mailed to you. Any uncashed amounts after that date will be redistributed to other Class Members or donated to a designated *cy pres* beneficiary, depending on the amount remaining.

| 12.  How will my payment be taxed? |
| --- |

Your payment will be allocated as 50 percent wages, which will be reported on an IRS Form W-2, and 50% non-wage income, which will be reported on an IRS Form 1099.  Neither Class Counsel nor Defendant makes any representations concerning the tax consequences of this settlement and you are advised to seek your own personal tax advice regarding the tax implications of the settlement.

**13.  What am I giving up by staying in the Class?**

Unless you exclude yourself (as explained in Section 14 below), you will remain in the Class. That means that you will release Defendant and all of its current and former parents, subsidiaries, affiliates, predecessors, officers, directors, employees, shareholders, agents and attorneys from the following:

Any and all claims, rights, and causes of action, whether known or unknown, under Title VII of the Civil Rights Act of 1964 and any other federal law, and state statutory, constitutional, or common law (whether characterized as discrimination, harassment, consumer protection, labor, or other claims) including claims in law, equity, contract, tort, or public policy, arising during or before the Settlement Class Period or applicable State Settlement Class Period, against Defendant and all of its current and former parents, subsidiaries, affiliates, predecessors, officers, directors, employees, shareholders, agents and attorneys, that were made or could have been made to challenge Defendant's parental leave policy and application of its policy as sex discrimination, including such sex discrimination claims for injunctive or equitable relief, declaratory relief, damages, and/or penalties of any kind.

Releasing your claims means that you cannot sue, continue to sue, or be party to any other lawsuit against Defendant about the legal issues in this case.  By staying in the Class, you are agreeing that all of the Court's orders will apply to you and legally bind you.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you want to keep the right to sue or continue to sue Defendant on your own about the legal issues in this case, then you must exclude yourself from the Class.  The process of excluding yourself is also sometimes referred to as "opting out" of the Class.

**14.  How do I opt out of the settlement?**

To exclude yourself from the settlement, you must send a letter by First Class U.S. mail stating the following: "I opt out of the JPMorgan Chase parental leave settlement."  Be sure to include your name, email, job title, address, telephone number, and your signature.  Your exclusion request must be postmarked no later than [**insert 60 days from date of mailing**] and must be mailed to:

JPMorgan Chase Parental Leave Settlement
[**SETTLEMENT ADMINISTRATOR CONTACT INFORMATION**]

If you ask to be excluded, you will not receive a settlement payment, and you cannot object to the settlement.  You will not be legally bound by anything that happens in this lawsuit.  You may also be able to sue (or continue to sue) Defendant in the future, if your claims accrued within the applicable statutes of limitations.  If you wish to exclude yourself in order to file an individual lawsuit against Defendant, you should speak to a lawyer as soon as possible because your claims are subject to a statute of limitations.

**15.  If I don't exclude myself and if I submit a Claim Form, can I sue Defendant for the same thing later?**

No.  Unless you exclude yourself, you give up any rights to sue Defendant for the claims at issue in this case (please see the release in Section 13 above).

**16.  If I exclude myself, can I get money from this settlement?**

No.  If you exclude yourself, you will not receive any money from this settlement.  You may sue, continue to sue, or be part of a different lawsuit against Defendant regarding the same claims.

# OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

**17.  How do I tell the Court that I don't like the settlement?**

If you stay in the Class, you can object to the settlement if you don't like any part of it.  You can give reasons why you think the Court should not approve it.  The Court will consider your views. To object, you must send a letter via First Class U.S. Mail no later than **[insert 60 days from date of mailing]**.  Your objection must include the words "I object to the settlement in the JPMorgan Chase parental leave case."  Be sure to include your name, address, email, telephone number, your signature, and the reasons why you object to the settlement.  Mail the objection to:

JPMorgan Chase Parental Leave Settlement

[**SETTLEMENT ADMINISTRATOR CONTACT INFORMATION**]

Your letter must be postmarked no later than [**INSERT DATE**].

**18.  What's the difference between objecting to the settlement and excluding myself?**

Objecting is simply telling the Court that you do not like something about the settlement.  You can object only if you remain in the Class.  Excluding yourself is telling the Court that you do not want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

# THE LAWYERS REPRESENTING YOU

**19. Do I have a lawyer in this case?**

The Court decided that the lawyers at Outten & Golden LLP and the ACLU Women's Rights Project are qualified to represent you and all Class Members. These lawyers have been designated as "Class Counsel" in this lawsuit. More information about these lawyers' work and experience is available at www.outtengolden.com/parentalleave and https://www.aclu.org/issues/womens-rights.

**20. How will the lawyers be paid?**

Class Counsel will ask the Court to approve payment of up to one third of the settlement fund ($1,666,650) for their attorneys' fees. The fees would pay Class Counsel for investigating the facts, filing the EEOC charge and case, and negotiating the settlement. Class Counsel will also ask the Court to approve payment for their out of pocket costs. The Court may award less than these requested amounts to Class Counsel.

# THE COURT'S FAIRNESS HEARING

**21. When is the Fairness Hearing?**

The Court will hold a fairness hearing on [**insert date**], at the [XX] Courthouse, [Insert Court Name and Address], Courtroom __ (the "Fairness Hearing"). You may attend and you may ask to speak, but you don't have to.

At the Fairness Hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are timely objections, the Court will consider them. After the hearing, the Court will decide whether to approve the settlement. We do not know how long the Court's decision will take.

**22. Do I have to come to the Fairness Hearing?**

No, not unless you plan to object to the settlement. If you do not opt out of the settlement, Class Counsel will represent you at the hearing. You are welcome to come at your own expense. If you send an objection, you do not have to come to Court. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary in order for your objection to be considered.

**23. May I speak at the Fairness Hearing?**

If you file a timely objection to the settlement, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must include the words "I intend to appear at the Fairness Hearing" in your written objection, which must be submitted according to the procedure described

in Section 17, above.  Your testimony at the Fairness Hearing will be limited to those reasons that are included in your written objection.  You cannot speak at the hearing if you exclude yourself from the settlement.

# GETTING MORE INFORMATION

| **24.  How can I get more information about the settlement?** |
|---|

You can obtain more information about the settlement or obtain a copy of the settlement agreement by contacting the Settlement Administrator or Class Counsel at the address and/or telephone numbers below:


Peter Romer-Friedman                          [ADD SETTLEMENT ADMINISTRATOR
Pooja Shethji                                            CONTACT INFORMATION]
Outten & Golden LLP
601 Massachusetts Ave.
Washington, DC 2001
Telephone: (202) 847-4400
Email: ChaseLeave@outtengolden.com

Deirdre Aaron
Outten & Golden LLP
685 Third Avenue
25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Email: ChaseLeave@outtengolden.com

Galen Sherwin
ACLU Women's Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2644
Email: ChaseLeave@aclu.org



You can also obtain more information by visiting the Settlement Website at **JPMCParentalLeaveSettlement.com.**

| **25.  How can I get more information about Chase's current parental leave policy?** |
|---|

To obtain additional information about Chase's current parental leave policy, please contact Sedgwick Claims Management Services, Inc. at (888) 931-3100.

DATED:        [**INSERT MONTH**] ___, 2019

**Questions?** Contact XX
[**Insert contact information for Settlement Administrator**]

# Exhibit E

# Important Reminder Regarding JPMorgan Chase
# Parental Leave Settlement

Within the past month, you should have received a Court-authorized Notice explaining that you have been identified as a Class Member in a class action settlement involving male employees of JPMorgan Chase who took parental leave after the birth of a child, but may have been denied the ability to take primary caregiver leave or deterred from seeking primary caregiver status.

**IMPORTANT: Our records indicate that you have not yet submitted your Claim Form.  If you wish to participate in the settlement, you must submit your Claim Form no later than [INSERT DATE].**

If you have any questions about the Notice, the Claim Form, or the case, or if you did not receive or no longer have the Notice and Claim Form, you should contact the Settlement Administrator using the following contact information:

JPMorgan Chase Parental Leave Settlement

[**SETTLEMENT ADMINISTRATOR CONTACT INFORMATION**]
**Facsimile: (XXX) XXX-XXXX**
**Email: XX@XX.com**

*JPMorgan Chase Parental Leave Settlement*
[Insert Address Block]

[Insert Class Member Name]
[Insert Class Member Address Block]